In the Matter of the Application of the MORTGAGE COMMISSION OF THE STATE OF NEW YORK for an Order Directing MULLER PAPER GOODS CO., INC., to Make Available All Records and Data with Respect to Income, and for an Order Directing the Payment of Surplus, or Such Part Thereof, as the Court May Determine to the Mortgagee, the Mortgage Commission of the State of New York, for and on Behalf of the Certificate Holders of Mortgage Bearing Number BMC 181,642, to Apply Toward the Reduction of Any Past Due Principal of the First Mortgage Covering the Premises Located at 33-02 Skillman Avenue, Long Island City, Queens, and Owned by Muller Paper Goods Co., Inc., Pursuant to the Provisions of Section 1077-c of the Civil Practice Act.*

MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Petitioner, Appellant; MULLER PAPER GOODS CO., INC., Respondent.

Second Department, February 28, 1939.

---

* Revg. 169 Misc. 153.

*Michael F. Dee* [*Louis Glickhouse* and *Arthur Rosenberg* with him on the brief], for the appellant.

*Louis A. Tepper* [*Joseph Lotterman* with him on the brief], for the respondent.

ADEL, J.   The mortgagee made application for an order directing the Muller Paper Goods Co., Inc., the last record owner of the property covered by the mortgage, to make available to it all records and data showing income and disbursements pursuant to section 1077-c of the Civil Practice Act, so that it might become known whether the mortgaged property produced a surplus over and above taxes, interest and other carrying charges.   The real property is improved with a six-story concrete fireproof factory and loft building.   A vacant lot adjoining the building is included in the mortgaged premises.   Two of the six floors of the building are occupied by a tenant of the owner under a lease and the owner receives substantial rent therefor.   Appellant contends that the balance of the building is occupied by the owner in connection with its business of manufacturing paper products.   Respondent says that only two floors are occupied by it for that purpose and the other two floors of the building are unoccupied.   The examination and inspection disclose that the owner, in reckoning the income from the property, made no allowance for the rental value of that part of the building which it occupies.   The mortgagee thereupon made application for another order directing the owner to pay to it the surplus income derived from the premises and in this proceeding proof was offered by the affidavits of real estate experts of the reasonable rental value of that part of the building occupied by the owner in the conduct of its business.   The mortgagee urges that such reasonable rental value should be charged as income from the mortgaged premises. If that is done there will be a surplus over and above taxes, interest and other carrying charges, part of which the mortgagee will be entitled to receive under the provisions of section 1077-c of the Civil Practice Act in reduction of the overdue principal sum of the mortgage.   The owner opposed the application on the ground that no surplus is available and, because it is the owner of the property, it is not required to list on the income side of the statement furnished under section 1077-c of the Civil Practice Act any amount for rent for that part of the property occupied by it for its business. The motion of the mortgagee was denied, and it appeals from the order of denial.

In the opinion of the court the section (Civ. Prac. Act, § 1077-c) is broad enough to require the owner to render an account of the use being made of the premises and the fair and reasonable rental value of that part thereof which is occupied by it in its business.

This section, in substance, declares that a mortgagee who, under normal provisions of the law, could foreclose a mortgage, may now, upon a showing of surplus out of the mortgaged property over and above taxes, interest and carrying charges, procure from the court an order that such surplus be paid by the owner in satisfaction of any overdue portion of the principal of the mortgage. The operation of the section would seem to include all mortgages, the sole test being the existence of a " surplus." The second paragraph of the section exempts from the operation of the provisions of the first paragraph properties used for farming purposes and dwellings occupied by the owner, or by the owner in conjunction with not more than one other family. The exceptions make clear that the Legislature took cognizance of the occupancy of the mortgaged premises by the owner. Nevertheless, only three types of such owner-occupancy are included in the exceptions and they do not include the circumstances of the instant case. The purpose of the section is reasonably clear. When a mortgage is overdue, if the interest, taxes and other charges are paid, the moratorium statutes prohibit the mortgagee from enforcing payment of the principal sum. It was not intended by these statutes to give the mortgagor or owner of the property an unfair advantage. This section of the Civil Practice Act (§ 1077-c) provides that if the property is earning more than the amount of interest and carrying charges the owner may be required to pay the surplus or such part thereof as the court may determine in reduction of the mortgage. The mortgagee may not seek the lands of the mortgagor or owner, but, where the property produces a surplus, the mortgagee is entitled to obtain relief from the provisions of the moratorium statutes which deprive him of his common-law right to payment, upon failure of the owner to pay such surplus in reduction of the overdue principal.

The holding in *Holmes* v. *Gravenhorst* (263 N. Y. 148) is not inconsistent with this conclusion. There the mortgagee sought to have the owner in possession of his own property during the foreclosure pay the receiver a fair and reasonable amount in the nature of rental or submit to eviction. Here the mortgagee asks only that such part of the surplus issuing out of the mortgaged property as the court may determine be paid to it in partial discharge of the overdue mortgage debt, and not at all in the way of rent.

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, the motion granted and the matter remitted to Special Term to take proof and fix the reasonable rental value of the part of the mortgaged property occupied by the owner in the conduct of its manufacturing business, which rental value so fixed should be included as income received from the property.

LAZANSKY, P. J., HAGARTY and DAVIS, JJ., concur; TAYLOR, J., dissents and writes for affirmance.

TAYLOR, J. (dissenting). I dissent and vote to affirm. Although I admit that the views of the majority lead to a morally just result, that result is without foundation in law and involves a departure from the doctrine of *Holmes* v. *Gravenhorst* (263 N. Y. 148), defining the rights of the owner of mortgaged premises whose right of possession " is an incident of title which, in the absence of contract, may be divested only under the method prescribed by law." (Id. 152.) The case cited asserts in effect the legal truism that in the absence of an express agreement to that end in the mortgage, a mortgagor-owner, during the pendency of a foreclosure action of the premises, may not be disturbed in his possession or required to pay rent. (Id. 153.) The majority view contemplates, practically, the payment of rent by the owner of two floors of the premises occupied by it, namely, the value of its use thereof, as a basis for the computation of a surplus within the purview of section 1077-c of the Civil Practice Act. It may not lawfully constitute such basis, for such surplus is one that " the mortgaged property * * * shall have produced " over and above specified charges. (Id.) As the statute reads, " surplus " may not be figured by charging this owner for its occupancy of a part of the mortgaged premises which it is entitled to occupy as an incident of its title. (*Holmes* v. *Gravenhorst, supra*.) Such a charge cannot be said to figure lawfully in surplus " produced " within the terms of the statute. To hold otherwise would be to legislate a new and amplified definition of surplus, which is not a judicial function.

Order reversed on the law and the facts, with ten dollars costs and disbursements, motion granted, and the matter remitted to Special Term to take proof and fix the reasonable rental value of the part of the mortgaged property occupied by the owner in the conduct of its manufacturing business, which rental value so fixed should be included as income received from the property.