(11 App. Div. 63.)

### CITIZENS' SAVINGS BANK v. WILDER et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

TEMPORARY RECEIVERS—POSSESSION OF PROPERTY.

    A temporary receiver in an action to foreclose a mortgage appointed on the ground that service of summons by publication had been ordered (Code' Civ. Proc. § 714) is entitled to possession of the mortgaged property though the service by publication has not been completed.

Appeal from special term, Kings county.

Action by the Citizens' Savings Bank against Mary A. Wilder, impleaded with others, to foreclose a mortgage. From an order denying his motion that the occupants of the mortgaged premises be ordered to surrender possession thereof, Howard B. Snell, temporary receiver of the mortgaged premises, appointed in said action, appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John A. Beall, for appellant.

Jerry A. Wernberg, for respondents.

BROWN, P. J. This action was brought to foreclose a mortgage upon real estate in the city of Brooklyn. The amended complaint alleges that the mortgage and the accompanying bond were executed and delivered to one Marvelle C. Webber to secure the payment of $7,500 and interest, and that the other defendants, including Jennie C. Wilder, had or claimed to have some interest in the mortgaged premises subsequent to the execution and delivery of the mortgage. On the 16th day of October last, upon affidavits showing to the satisfaction of a justice of the supreme court that said Jennie C. Wilder was a resident of this city, and kept herself concealed within the state, with intent to avoid the service of the summons and complaint, an order was duly made directing that the amended summons and complaint should be served upon her by publication; and upon the 20th day of October an order was made by the special term of the supreme court appointing a temporary receiver of the mortgaged premises. Thereafter the said receiver moved at the special term that said Jennie C. Wilder, who appeared to be the owner of the equity of redemption in the said mortgaged premises, and in possession thereof, and the other defendants, who were also in possession with her, be directed to surrender the said premises to the receiver, which motion was denied, and from the order entered thereon this appeal has been taken.

The appointment of the temporary receiver appears to have been in accordance with the provision of the mortgage, and regular in all respects, and was authorized by section 714 of the Code of Civil Procedure to be made without notice, or upon such notice as the court should think proper in a case where an order had been made for the service of a summons by publication. The notice to be given to the occupants of the property was prescribed by the court in an order to show cause, and was complied with, and the receiver

was appointed without opposition.   Upon the receiver's appointment and qualification, he became entitled to the possession of the mortgaged property, and no reason appears in the record before us why an order for such possession was denied him.   The only reason assigned by the respondent in her points to sustain the order is that service of the summons and complaint had not been had upon Jennie C. Wilder, and that she had not appeared in the action. But these facts did not entitle the respondent to a denial of the receiver's motion.   Code Civ. Proc. § 714.

The order must be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.   All concur.