FLORENCE L. HOLMES, Plaintiff, *v.* MARIANA I. GRAVEN-
HORST, Appellant, Impleaded with Another.
EUGENE M. TRAVIS, as Receiver, Respondent.

(Submitted October 11, 1933; decided December 5, 1933.)

*Robert Abelow* and *John E. Sexton* for appellant. In the absence of agreement between the parties to the mortgage a court of equity is without power to require the owner in possession to pay occupational rent prior to sale under judgment of foreclosure. (*Prudence Co.* v. *160 W. 73d Street Corp.*, 260 N. Y. 205; *Abrams* v. *Thompson*, 251 N. Y. 79; *Sun P. & P. Assn.* v. *Remington P. & P. Co.*, 235 N. Y. 338; *Graf* v. *Hope Building Corp.*, 254 N. Y. 1; *Jefferson County Nat. Bank* v. *Dewey*, 181 N. Y. 98.)

*Chester Mayer* for Jackson Heights Taxpayers Association, Inc., et al., *amici curiœ*. The method of obtaining possession of premises from an owner in a foreclosure action has been prescribed by the Legislature. (*Public Bank of New York* v. *London*, 159 App. Div. 484; *Broadview Traders, Inc.*, v. *Ramdee Realty Corp.*, 131 Misc. Rep. 385; *Sancourt Realty Corp.* v. *Dowling*, 220 App. Div. 660; *City of Rochester* v. *Rochester Gas & Electric Co.*, 233 N. Y. 39; *Austin* v. *Ahearne*, 61 N. Y. 6; *Prudence Co.* v. *160 W. 73rd St. Corp.*, 260 N. Y. 205; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.)

*Irving C. Maltz* for respondent. Upon his appointment the receiver became entitled to possession of the mortgaged premises as against the owner of the fee. (*Selkirk* v. *Wood*, 9 Civ. Prac. Rep. 141; *Bank of Ogdensburgh* v. *Arnold*, 5 Paige, 388; *Sea Ins. Co.* v. *Stebbins*, 8 Paige, 565; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; *O'Mahoney* v. *Belmont*, 62 N. Y. 133; *Chautauque County Bank* v. *White*, 6 Barb. 589; *Booth* v. *Clark*, 58 U. S. [17 How.] 322; *Porter* v. *Williams*, 9 N. Y. 142; *Curtis* v. *Leavitt*, 15 N. Y. 1; *U. S. Trust Co.* v. *N. Y., West Shore*

& *Buffalo R. R. Co.*, 101 N. Y. 478; *Stewart* v. *Fairchild Baldwin Co.*, 91 N. J. Eq. 96; *Title Guarantee & Trust Co.* v. *457 Schenectady Ave., Inc.*, 260 N. Y. 119; *Davis* v. *Gray*, 83 U. S. 203.) The owner-mortgagor occupying the mortgaged premises, or a portion thereof, can be compelled to attorn to the receiver, pay occupational rent, or deliver up possession to the receiver. (*Public Bank of New York* v. *London*, 159 App. Div. 484; *Citizens Sav. Bank* v. *Wilder*, 11 App. Div. 63; *Astor* v. *Turner*, 3 How. Pr. 225; *Fleischer* v. *Terker*, 232 App. Div. 822; *Van Pelt* v. *Russell*, 134 Ark. 236; *Jarmulowsky* v. *Rosenbloom*, 125 App. Div. 542; *Title Guarantee & Trust Co.* v. *457 Schenectady Ave., Inc.*, 260 N. Y. 119.)

HUBBS, J. This is an action to foreclose a mortgage on a dwelling house in the city of Brooklyn, owned and occupied by the mortgagor. The mortgage contained the following clause: " That the holder of said mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt) to the appointment of a receiver of the rents and profits of said premises."

A receiver appointed upon application of the mortgagee to collect " all rents due and unpaid, or hereafter to become due," applied at Special Term for an order fixing the reasonable value of the use and occupation of the premises by the mortgagor and directing her to forthwith pay the rental so fixed, in default of which an order be made directing the sheriff to oust and evict her from possession.

The Special Term denied the motion made by the receiver, basing its determination upon its interpretation of the effect of our decision in *Prudence Co.* v. *160 W. 73rd Street Corp.* (260 N. Y. 205).

The Appellate Division, interpreting our decision in that case, has, in answering the question presented on this appeal, reversed the Special Term and granted the motion. It, however, has certified to us the question involved in the following language: " On the facts shown

in the record, was the receiver entitled to an order fixing the occupational rent of the mortgagor-owner in the absence of facts indicating that the motion should have been denied as a matter of discretion? "

We have, therefore, squarely presented the question as to whether, upon the appointment of a receiver in an action brought to foreclose a mortgage containing the covenant heretofore quoted, a mortgagor-owner may be required to pay rent to the receiver or be evicted from the premises prior to a sale under a judgment of foreclosure and sale.

While the precise question here involved has apparently not heretofore been presented to this court for determination, it has been frequently before the intermediate courts of this State as indicated in the opinion delivered at the Appellate Division, and it has been held that the court has power, under circumstances similar to those presented in this record, to fix the value of the occupational use by the owner and compel its payment under penalty of eviction. The opinion at the Appellate Division gives a statement of the law governing the rights of a mortgagor-owner to possession during foreclosure as it existed and was interpreted by intermediate courts prior to our decision in the *Prudence* case. Since that case dealt with the question of whether co-operative owners who were in possession of an apartment house under an agreement to pay a fixed maintenance charge could be required to pay to the receiver the difference between the agreed maintenance charge and the reasonable value of use and occupation contrary to the terms of their agreement with the mortgagor rather than with the question as to whether the owner may be required to pay any rent, it is not surprising that the Appellate Division should be unwilling to accept that decision as intending to change the rule as to the liability of an owner as previously established by decisions of that court.

Although the *Prudence* case did not present the exact

question involved on this appeal, what was there said as to the right of an owner in possession we deem applicable under the facts in this case. We cannot subscribe to the doctrine enunciated in *Citizens Sav. Bank* v. *Wilder* (11 App. Div. 63), to the effect that with the receivership goes the right to take full possession of the premises from the owner who is required to surrender his possession.

A mortgage of real property in the absence of an express agreement conferring the right of possession in the event of default upon the mortgagee originates a contract relationship which continues until final judgment in the foreclosure action. (*Trimm* v. *Marsh*, 54 N. Y. 599, 605; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.) The method by which the purchaser at the sale may acquire possession is specified in section 985 of the Civil Practice Act. Right of possession is an incident of title which, in the absence of contract, may be divested only under the method prescribed by law. Where sale is made under a judgment, or for unpaid taxes, possession may not be obtained until a prescribed statutory period of redemption has expired. Likewise, in ejectment and other actions determining title or right of possession, the statute prescribes when and how possession may be obtained. There is no statutory authority for holding that a mortgagor in possession may be evicted from the mortgaged premises prior to a sale under a judgment of foreclosure and sale.

Where, however, the mortgagor is not in possession during the foreclosure of a mortgage thereon of all or a portion of the premises and the premises are occupied by tenants or others not having title to the premises a receiver may be appointed in a proper case to take possession of the premises, collect the rents and apply them to the payment of the carrying charges on the property and the reduction of the mortgage debt.

It seems to us that there is no inconsistency in holding,

in the absence of an express agreement in the mortgage to that effect, that while a mortgagor-owner in possession during the pendency of a foreclosure action of the premises may not be disturbed in his possession or required to pay rent which he was not theretofore obligated to pay, when he has relinquished that possession to others and is receiving an income from the premises which might be applied to the payment of carrying charges and the reduction of the mortgage debt, a receiver upon a proper showing may be required to take possession and control of the premises and so apply the revenue. Under the law governing the relation of mortgagor and mortgagee of real property as now firmly established in this State, a mortgagee himself has no right of possession by virtue of a mortgage pending its foreclosure, and he does not acquire such a right by applying for and having appointed a receiver, except in those cases where the right grows out of facts extrinsic to the mortgage contract or where there is a clause in the mortgage expressly giving him that right. The right of possession given to a receiver is incidental to the purpose for which the receiver is appointed, namely, the collection of the rents and profits, and if there be no rents and profits because actual possession is in one having the right of possession inherent in his ownership, no right of possession exists which may be conferred upon a receiver.

It is conceivable that a receiver might find applicable to the maintenance of the property and reduction of the mortgage debt an income from property wholly in the actual possession of the mortgagor-owner, as where the mortgagor-owner in full possession of the premises is receiving income therefrom. As illustrative of this possible situation, we might suggest a case where the exterior walls of a dwelling house are used for the display of advertising matter not connected with the business of the mortgagor-owner in possession and for which a rental is being paid or could be collected. Right of

possession, beyond the extent of its existence in the lessee of the advertising space, would not thereby be conferred upon the receiver. While he undoubtedly would be entitled to collect such rental for advertising space, his right would not extend to the use in that manner of premises where advertising space was not theretofore in use, as to accord to him possession of premises not theretofore so used for such a purpose would be to interfere with the actual possession of the owner.

It should be borne in mind that we are here dealing with the question of the rights and authority of a receiver appointed under an agreement contained in the mortgage, a contract right, and not with those of a receiver appointed under the general equity jurisdiction of the court to maintain and preserve the property and income therefrom pending a foreclosure. In the case at bar the question for determination is what rights accrued under the agreement of the parties contained in the mortgage. In the other case, the question always is what jurisdiction a court of equity has under facts extrinsic to the mortgage; for instance, is the mortgagor committing waste or is the appointment of a receiver necessary to preserve the premises?

Under the mortgage here involved, and the facts before the court, the mortgagor cannot be deprived of any rights which he possesses as owner or the mortgagee allowed rights greater than those granted by the terms of the mortgage.

In this jurisdiction a mortgage on real property constitutes only a lien on the premises mortgaged.

" Title remains in the mortgagor and those claiming under or through the mortgagor until the lien is foreclosed. Foreclosure of the lien does not take place upon the commencement of a foreclosure action, but upon a sale under a judgment of foreclosure. Though, during the pendency of the action, a court of equity has power to issue interlocutory orders for the protection of an asserted

lien, such orders must be auxiliary to the right to foreclose the lien, and cannot deprive any party of a title or a right, which though subordinate to the lien of the mortgage, survive and are valid until the lien is foreclosed by a sale under a judgment of foreclosure." (*Prudence Co.* v. *160 W. 73rd St. Corp.*, *supra*, 211.)

Concededly, before default in payment of the mortgage debt, the right to possession of the mortgaged premises remains in the mortgagor and that right continues until after a sale of the premises under a judgment of foreclosure and sale unless the mortgage, by its terms, expressly gives the right to have a receiver appointed with authority to take possession of the premises from the mortgagor or unless a receiver is given that authority for reasons extrinsic to the agreement contained in the mortgage. In this case there are no facts extrinsic to the mortgage justifying or even suggesting a basis for the granting of such authority to the receiver.

The right, if it exists, must rest upon the clause heretofore quoted which gives only the right to the appointment of a receiver of " the rents and profits of said premises." There are no rents and profits. To authorize the receiver to evict the mortgagor and take possession of the premises in order to create rents and profits, or to compel the mortgagor to pay rent, would be to deprive the mortgagor of a vested right to possession which she had not contracted away.

In the *Prudence* case, Judge LEHMAN, writing for a unanimous court, said, as heretofore quoted: " Though, during the pendency of the action, a court of equity has power to issue interlocutory orders for the protection of an asserted lien, such orders must be auxiliary to the right to foreclose the lien, and cannot deprive any party of a title or a right, which though subordinate to the lien of the mortgage, survive and are valid until the lien is foreclosed by a sale under a judgment of foreclosure." That statement was not limited to the parties claiming

under the mortgagor but referred to any party. In that case the rights of the holders under the "co-operative ownership plan" were derived from the mortgagor. We held that those rights could not be destroyed by means of a mortgage foreclosure receivership. If they could not be so destroyed, it would seem to follow that the rights of those from whom such rights are derived cannot be so destroyed. Distinction cannot be made between a tenant in possession under a lease from the mortgagor and a mortgagor himself in possession as owner.

The facts in this case bring it under the basic principle decided in the *Prudence* case.

The order of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered in the negative.

CROUCH, J. (dissenting). The receivership clause in question, being the statutory form, must be construed as meaning that "the mortgagee * * * shall be entitled * * * to the appointment of a receiver of the rents and profits of the premises covered by the mortgage; and the rents and profits in the event of any default * * * are assigned to the holder of the mortgage as further security for the payment of the indebtedness." (Real Prop. Law; Cons. Laws, ch. 50, § 254, subd. 10.)

The pledge of rents and profits becomes operative when a receiver is appointed; and the extent of the receiver's authority rests in the discretion of the court. (*Sullivan* v. *Rosson*, 223 N. Y. 217, 224.) He is appointed, as the majority opinion here says, "to take possession of the premises, collect the rents and apply them to the payment of the carrying charges on the property and the reduction of the mortgage debt." If the premises are vacant in whole or in part, the court may authorize the receiver to let the vacant space. Although he takes no title, he is in possession of the premises substantially as the mortgagor

was. ( *U. S. Trust Co.* v. *New York, W. S. & B. Ry. Co.,* 101 N. Y. 478, 483.) Broadly speaking, what the mortgagor could have done, the receiver when so authorized can do. What the mortgagor could not have done, the receiver cannot do; and in that category is included the act which was attempted by the receiver in the *Prudence Company* case. As long as the mortgagor is in possession, he may make a valid lease. That lease is subject to the provisions of the mortgage and, therefore, subject to the right of the receiver when appointed to take possession and to impound the rents reserved; but it is a valid contract and can be cut off only by the sale.

It is said, however, that where the mortgagor is in actual occupancy of the premises, his pledge of the rents and profits means nothing. Unquestionably, the mortgagor, in the absence of equitable considerations, is entitled to possession until the lien is cut off by sale. But it is equally without question that a court of chancery may take possession to itself when equity demands it. The actual basis of the decision in the *Prudence Company* case, as it seems to me, was not the stern logic of the doctrine of possession, but rather the equitable consideration that the asserted right of the receiver to get occupational rent, when that was higher than the reserved rent, was not paralleled by a reciprocal right in the tenant to pay only occupational rent when that was lower than the reserved rent. (Cf. *Markantonis* v. *Madlan Realty Corp.,* 262 N. Y. 354.)

We are dealing here with a contract between the mortgagor and mortgagee. No third party rights are involved. In the end the question is merely as to the intent of the parties, for if that intent was in effect to pledge not only the actual reserved rents, if any, but also the rentable value, if no leases were in existence, then equity may give effect to that intent through a receivership. A mortgagor personally occupying the premises is by virtue

of that occupancy in receipt of a benefit in all respects equivalent to rent and profits. In effect, the mortgagor-occupant charges himself with the value of the space occupied as rent and credits himself with this amount as income. With the appointment of a receiver, the income credit — like the income from any other tenant — goes to the receiver. He continues to charge himself with rent, but he pays it to the receiver instead of to himself. He loses nothing since the rent goes to the receiver's fund to carry the property (a duty resting on him), and thereafter to meet a deficiency, if there be one, otherwise to himself. (Cf. 3 Brooklyn Law Review, p. 104.) In the language of the *Prudence Company Case* (p. 212), the owner (mortgagor) is not " deprived of any rights or the mortgagee accorded rights beyond the stipulations of the mortgage." To hold otherwise pushes the doctrine of possession to a logical extreme and disregards the immemorial power and practice of chancery. Neither law nor common morality permits a mortgagor by personal occupancy to frustrate the clear purpose of his grant.

The order appealed from should be affirmed.

POUND, Ch. J., LEHMAN, KELLOGG and O'BRIEN, JJ., concur with HUBBS, J.; CROUCH, J., dissents in opinion, in which CRANE, J., concurs.

Ordered accordingly.