THE DIME SAVINGS BANK OF BROOKLYN, Respondent, v. BECKEY ALTMAN, Appellant, Impleaded with Others, Defendants.

Second Department, November 30, 1936.

*Robert Abelow*, for the appellant.

*Denis M. Hurley* [*James J. Manogue* with him on the brief], for the respondent.

LAZANSKY, P. J. In this action to foreclose a mortgage, defendant-owner of the premises was permitted to plead a counterclaim for damages for trespass by the mortgagee. The mortgage contained the commonly used provision: " That the holder of this mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt), to the appointment of a receiver of the rents and profits of said premises; and in the event of any default in paying said principal or interest, such rents and profits are hereby assigned to the holder of this mortgage as further security for the payment of said indebtedness."

Some time prior to the commencement of this action, there being a default in the terms of the mortgage, plaintiff notified the owner-defendant and the tenants of the premises that because of that default *it entered upon and took possession of the premises and directed that all rents be paid to it.* Plaintiff-mortgagee did actually enter into possession of the premises and collect rents from the tenants up to the time of the appointment of a receiver of rents in this action. This was all done against the vigorous protest and opposition of defendant-owner.

In her answer, as a defense and counterclaim, defendant alleged that plaintiff had trespassed upon her premises and excluded her therefrom, and claimed damages in the sum of $3,150. Plaintiff admitted that it took possession of the premises, but claimed that its possession was lawful.

Thereupon a motion for summary judgment was made by plaintiff, claiming that it had a right to enter the premises pursuant to the assignment of rents clause above quoted. The motion was granted. On appeal, this court held the entry and possession of plaintiff were illegal and the owner was entitled to possession until the time of sale. The order granting plaintiff's motion for summary judgment, striking out the owner's answer and dismissing the

counterclaim, was reversed and the motion denied; and an order denying appellant's motion for an order framing issues to be tried by a jury was reversed and the motion granted.   [246 App. Div. 823.]

The order provided for the submission to a jury of two questions: (1) Did the owner suffer any damages because plaintiff withheld possession from her?   (2) If so, what was the amount of damages?

All the foregoing facts are conceded.

At the trial of such issues defendant-owner sought and was denied the opportunity to prove the amount of her damages by reason of the entry and possession of plaintiff, including legal expenses in connection with the litigation due to the entry and possession of plaintiff.

The court ruled, and rightly so, that the owner was not entitled to any damages for legal expenses.   It also held that plaintiff was liable for the trespass, but only in nominal damages.   The court submitted the two questions to the jury, and directed that the first be answered by " Yes," and the second by " Six cents." The latter ruling of the trial justice was warranted by an inadvertent statement by this court in the memorandum on the appeal from the order granting the motion for summary judgment.

Defendant was entitled to damages for the trespass.   Entry upon mortgaged premises by a mortgagee must be legal in its inception, and if not, entry constitutes trespass.   (*Herrmann* v. *Cabinet Land Co.*, 217 N. Y. 526.)   The entry by the mortgagee and its possession were illegal.   (*Sullivan* v. *Rosson*, 223 N. Y. 217.)

Under an assignment of rents clause, such as the one in the case at bar, the assignment is not absolute, but is only further security for the mortgage obligation.   It is sometimes called a pledge.   Even upon default, the right to the rents does not accrue to the mortgagee. Under such clause a mortgagee may have the rents by possessing himself of them or the right to them with the consent of the owner, or by application to the court in legal proceedings through the appointment of a receiver.   (*Sullivan* v. *Rosson, supra*.)   This is so not only as between mortgagees (*Sullivan* v. *Rosson, supra*), but also as between owner and mortgagee.   (*Freedman's Saving Co.* v. *Shepherd*, 127 U. S. 494; *Matter of Banner*, 149 F. 936; *Matter of Brose*, 254 id. 664; *148th Street Realty Co., Inc.*, v. *Conrad*, 125 Misc. 142.)

Where the assignment of rents clause gives the mortgagee a right of entry upon default, then, upon demand and refusal, the assignment of rents may become absolute.   (*Freedman's Saving Co.* v. *Shepherd, supra; Matter of Brose, supra; 148th Street Realty Co.. Inc.*, v. *Conrad, supra*.)

Since plaintiff was not entitled to the rents and was not given the right to enter, it surely was guilty of a trespass and is liable for the damages during the period of its unlawful possession. Its illegal entry cannot be justified because it might have acquired the rents by legal proceedings. (*Herrmann* v. *Cabinet Land Co., supra.*)

There is an appeal from an order denying appellant's motion for an order amending or resettling a judgment by including a provision for costs to said appellant. The court had no power to amend the judgment. (*Herpe* v. *Herpe*, 225 N. Y. 323.) The question, however, is now academic, and that appeal should be dismissed.

The judgment, in so far as it awards defendant Altman on her counterclaim the sum of six cents only, should be reversed on the law and a new trial granted upon the questions as framed, with costs to appellant to abide the event.

CARSWELL, DAVIS, JOHNSTON and ADEL, JJ., concur.

Judgment, in so far as it awards defendant Altman on her counterclaim the sum of six cents only, reversed on the law and a new trial granted upon the questions as framed, with costs to appellant to abide the event. Appeal from order denying motion to amend the judgment by including a provision for costs to appellant dismissed.