In the Matter of the Application of LOUIS H. PINK, as Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, for an Order Directing CORD MEYER, INC., and HABENDUM ESTATES, INC., to Produce and Make Available All Records and Other Data with Respect to Income, and for an Order Directing Payment of Surplus Income or Such Part

Thereof as the Court May Determine, to the Mortgagee, the Said Louis H. Pink, as Superintendent of Insurance of the State of New York, as Aforesaid, to Apply Toward the Reduction of Any Past Due Principal of the First Mortgage Covering Premises Located at 43-33 48th Street, Long Island City, New York, and Owned by the Said Cord Meyer, Inc., and Habendum Estates, Inc., Pursuant to the Provisions of Section 1077-c of the Civil Practice Act.    Louis H. Pink, as Superintendent of Insurance of the State of New York, as Liquidator of New York Title and Mortgage Company, Appellant, v. The Cord Meyer Company, Respondent. — The petitioner appeals from so much of an order entered in the office of the clerk of the county of Queens as denied his application made pursuant to section 1077-c of the Civil Practice Act for an order (a) directing the respondent, owner of the fee of certain mortgaged premises, to pay to petitioner, as liquidator of the mortgage, $1,248.75, surplus income of the property involved, such sum to be applied toward the reduction of past due installments of principal of the mortgage, or, in the alternative, (b) granting the petitioner leave to foreclose the mortgage. The respondent is the owner of the fee of the mortgaged premises.   On July 31, 1931, it entered into a long term lease of the premises, then unimproved, with the Nichols-Keneth Holding Corp., as lessee.   The interest of that lessee is now in the Habendum Estates, Inc., a party, but not appealing.   The rent reserved was substantial.   The lease required the lessee to erect a modern apartment house upon the premises and provided that for that purpose a certain mortgage might be placed upon the premises and that the owner, the respondent herein, would join in the mortgage, so that it would be a first lien upon the fee.   The lease further provided that the owner would not be personally liable under the mortgage and would not join in the bond.   Pursuant to this agreement, a loan of $160,000 was obtained from the New York Title and Mortgage Company and both the lessee and the owner executed the mortgage.   It is not disputed that an examination of the books of the present tenant discloses that there was a surplus of $856.28 for the six months ending September 30, 1936, and it is conceded that during the same period the respondent received $1,248.75 on account of rent reserved under its lease.   The court at Special Term directed that the sum of $856.28 should be paid over to the appellant but denied the relief in so far as it involved the $1,248.75 paid to the owner.   The order, in so far as appealed from, is reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.   Both the owner and the lessee are mortgagors.   The right of the owner to receive the rent reserved in the lease is subject to the mortgage and the mortgagee is entitled to receive the entire surplus earned over and above taxes, interest and other carrying charges.   The fact that the lease provided that the lessee was to pay all interest, taxes and amortization payments on the mortgage does not afford protection to the owner.   If the lessee fail to perform its contract, the owner has a remedy.   Hagarty, Adel and Close, JJ., concur; Taylor, J., dissents and votes to affirm in memorandum in which Davis, J., concurs.   The amount claimed by the petitioner as being surplus income, within the purview of section 1077-c of the Civil Practice Act, represents ground rent reserved to the respondent, owner of the fee of the mortgaged premises, in a lease executed on July 31, 1931.   The mortgage here involved was executed on October 15, 1931, by the lessee who, using the proceeds of the mortgage loan for that purpose, erected

an apartment house upon the mortgaged premises. The owner of the fee joined in the mortgage, but not in the bond accompanying the same; nor did the owner otherwise covenant to pay the mortgage or any part thereof, or interest thereon. The mortgage is a lien upon the fee as well as upon the leasehold thus improved. But the mortgagee's remedies, as far as the owner is concerned, are confined to the mortgaged property. (Real Prop. Law, § 249.) The ground rent was not pledged or assigned to the mortgagee. At present it belongs to the fee owner. (See *Holmes* v. *Gravenhorst*, 263 N. Y. 148.) To permit the mortgagee to apply it to the mortgage would give the mortgagee, without warrant, a remedy against the fee owner in addition to its remedies against the mortgaged property, contrary to the provisions of Real Property Law, section 249; and would in effect require the owner to make payments on the interest and principal. When Civil Practice Act, section 1077-c, is read with Real Property Law, section 249, and harmonized therewith (McKinney's Statutes and Statutory Construction, § 177), the ground rent payable under the lease is not " income " within the purview of the former statute, but is rather in the category of " disbursements " therein contemplated. By its terms, section 1077-c is not applicable to the situation here presented. Those terms should not be extended by judicial construction. (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314, 321.) Finally, the Special Term had discretion, under section 1077-c of the Civil Practice Act, to determine the amount of surplus income which should be applied to the payment of the principal of the mortgage. Such discretion was properly exercised in this case.