LONG ISLAND BOND AND MORTGAGE GUARANTEE COMPANY, Plaintiff, v. ROSE BROWN and Others, Defendants.

Supreme Court, Special Term, Queens County, March 20, 1939.

**16**

*Abberley, Bryde, MacFall & Amon* [*Arthur H. Amon* of counsel], for the plaintiff.

*Nathan V. Glassman*, for the defendants.

DALY, J. In an action to foreclose a mortgage upon real property, the plaintiff moves (1) to restrain the defendants from damaging or committing waste to the mortgaged premises pending the disposition of the action, and (2) to fix the reasonable rental value of the portion of the premises occupied by the owners of the equity and require them to pay the amount thus fixed so long as they occupy the premises during the pendency of the action.

The owners of the equity have, by their attorney, consented to the restraining order applied for, but resist the remainder of the motion. They contend that the plaintiff is not entitled to this relief since it has never obtained possession of the premises either through the appointment of a receiver or by an assignment of rents.

In their answer to this action these defendants have alleged a counterclaim by reason of the collection of rent by the plaintiff herein from the tenant who occupies the second floor of the premises which consist of a two-family house, the first floor of which is occupied by the owners of the equity.

In this application no issues of fact are presented. The opposing affidavit " concedes the material allegations in the affidavits submitted by the plaintiff." There is no question that the plaintiff is the owner and holder of the mortgage under foreclosure and that the answering defendants have defaulted in the payment of interest, real estate taxes and assessments.

The sole issue presented is one of law, and involves the interpretation of the following clause in the mortgage:

" 13. That if default shall be made in the payment of the principal sum mentioned in the said bond or in this instrument or any installment thereof, or of the interest which shall accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the holder of this mortgage shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive all the rents, issues and profits thereof, which are overdue, due or to become due, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby

secured, and said rents and profits are in the event of any such default hereby assigned to the holder of this mortgage. And the mortgagor, for himself and any subsequent owner of said premises, hereby agrees after such default to pay to the holder of this mortgage in advance a reasonable rent for the premises occupied by him, and in default of so doing, hereby agrees that he may be dispossessed by the usual summary proceedings, and further that any tenant defaulting in the payment to the holder of this mortgage of any rent may be likewise dispossessed. This covenant becomes effective either without or with any action brought to foreclose said mortgage and without applying at any time for a receiver of such rents; and should said rents, or any part thereof, be assigned without the consent of the holder of this mortgage, then said mortgage shall, at the option of the holder thereof, become due and payable immediately, anything herein contained to the contrary notwithstanding."

We thus have in the mortgage which is the subject of this action, an express agreement on the part of the owner, conferring, with or without an action to foreclose, and "without applying at any time for a receiver," the right upon the holder of the mortgage, when a default occurs, "to enter upon and take possession" of the mortgaged premises, the owner in that event "to pay * * * reasonable rent for the premises occupied by him, and in default of so doing, * * * that he may be dispossessed * * * and further that any tenant defaulting in the payment to the holder of this mortgage of any rent may be likewise dispossessed."

*Dime Savings Bank of Brooklyn* v. *Altman* (249 App. Div. 174) is urged by the opposing defendants as a case presenting circumstances similar to those involved here. The clause in the mortgage in that case provided: " ' That the holder of this mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt), to the appointment of a receiver of the rents and profits of said premises; and in the event of any default in paying said principal or interest, such rents and profits are hereby assigned to the holder of this mortgage as further security for the payment of said indebtedness.' " After a default had occurred, the plaintiff-mortgagee notified the owner and the tenants that by reason thereof it would enter and take possession of the premises, and directed that all the rents be paid to it. It did actually enter into possession of the premises, and collected rent from the tenants up to the time of the appointment of a receiver in the foreclosure action, over the protest and opposition of the owner. In the answer to this action, and as a defense and counterclaim, defendant urged that plaintiff trespassed

upon her premises and excluded her therefrom, and claimed damages in the sum of $3,150. After a trial of the action, judgment was granted in favor of the plaintiff, and the defendant was awarded six cents damages upon the counterclaim. Her motion for the recovery of costs was denied. She thereupon appealed to the Appellate Division from that part of the judgment which awarded her six cents upon her counterclaim, and from the order denying costs. That court dismissed the appeal from the order denying costs, reversed that part of the judgment which awarded six cents damages, and ordered a new trial thereon. It held that under the mortgage clause assigning rents to the mortgagee upon default, the assignment was not absolute, but only further security for the mortgage obligation, or a mere pledge; that under such circumstances the mortgagee may have the rents " by possessing himself of them or the right to them with the consent of the owner, or by application to the court   *   *   *   through the appointment of a receiver," and " since plaintiff was not entitled to the rents and was not *given the right to enter,*" it was guilty of a trespass and liable for damages. The Court of Appeals affirmed and ordered judgment absolute (275 N. Y. 62), but did not pass upon the question whether the bank had the right to enter into possession and collect the rents, for that question was not open, since no appeal had been taken from that part of the judgment which decided that the bank was liable but that the owner of the equity had not suffered any substantial damage. The court carefully pointed out, however (at p. 73): " What procedure the mortgagee should follow to obtain the rents when he does not desire a receivership we may leave for discussion at a later day. Apparently in some jurisdictions a formal demand made of the mortgagor and a refusal have been accepted as sufficient to justify a collection of the rents and income. (*Freedman's Sav. & Trust Co.* v. *Shepherd,* 127 U. S. 494, 502.) "

This question is squarely presented in the instant case. Here, the mortgage clause specifically and clearly confers upon the mortgagee, the plaintiff herein, " the right forthwith, after any such default, *to enter upon and take possession of the said* mortgaged premises." In the *Dime Savings Bank* case there was no such provision; the mortgagee " was not given the right to enter." (249 App. Div. at p. 177.)

Ordinarily, " prior to judgment in a foreclosure action, the only remedy of the mortgagee for possession, and through it, for the rents, is by the appointment of a receiver in such an action, unless, however, consent to take possession was given by the mortgagor. With the mortgagor's consent, such an entry and possession prior to foreclosure is lawful." (Citing cases.) (*148th Street Realty Co., Inc.,* v. *Conrad,* 125 Misc. 142, 145.)

In the instant case no receiver has been applied for or appointed, nor have the answering defendants consented to give the plaintiff possession. Indeed, they concede that they refused possession when formal demand therefor and for the payment of rents, issues and profits of the premises was made. The question is whether, in light of the clause in the mortgage hereinabove referred to, the plaintiff mortgagee acquired possession of the premises when it made an affirmative and positive demand therefor, which was refused.

Assignments of rent giving a mortgagee control of premises as soon as a default occurs, do not automatically become operative. But where, under a mortgage clause such as is here involved, the holder of the mortgage has made formal demand for and been refused possession, I see no reason why the assignment of rents provided therein is not absolute. It is clear, from the language used in the mortgage clause, that the parties contemplated an equitable assignment of rents, and, under such circumstances, such assignment became operative upon the making of a formal demand for and refusal of possession.

Presiding Justice LAZANSKY, speaking for the Appellate Division in the *Dime Savings Bank* case (*supra*), in effect so held when he said in his opinion (249 App. Div. 176): " Where the assignment of rents clause gives the mortgagee a right of entry upon default, then, upon demand and refusal, the assignment of rents may become absolute." (Citing *Freedman's Savings & Trust Co.* v. *Shepherd*, 127 U. S. 494; *Matter of Banner*, [D. C.] 149 Fed. 936; *Matter of Brose*, 254 id. 664; *148th Street Realty Co., Inc.*, v. *Conrad*, 125 Misc. 142.)

The court similarly held in *Freedman's Savings & Trust Co.* v. *Shepherd* (127 U. S. 494, at p. 502), when it said: " The general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf, by a receiver (*Teal* v. *Walker*, 111 U. S. 242; *Grant* v. *Phœnix Life Ins. Co.*, 121 U. S. 105, 117), or until, in proper form, he demands and is refused possession. (*Dow* v. *Memphis Railroad Co.*, 124 U. S. 652, 654.) (See, also, *Sage* v. *Memphis & Little Rock Railroad Co.*, 125 U. S. 361.) "

I am of opinion, therefore, that the plaintiff is consequently in possession of the premises under foreclosure and is entitled to receive the rents, issues and profits thereof, without the necessity of applying for and securing the appointment of a receiver.

The only remaining question is whether the owners of the equity should be required to pay occupational rent prior to the sale under a judgment of foreclosure and sale, for the premises occupied by them.

It is urged that the doctrine laid down in *Holmes* v. *Gravenhorst* (263 N. Y. 148) to the effect that a receiver cannot, in the absence of an express clause in the mortgage or facts extrinsic thereto, collect rent from the mortgagor-owner prior to a sale under a judgment of foreclosure and sale, is applicable to the situation here presented. In that case the court held that " in the absence of an express agreement conferring the right of possession in the event of default upon the mortgagee," a receiver cannot " evict the mortgagor and take possession of the premises in order to create rents and profits, or to compel the mortgagor to pay rent." The clause which was there construed provided as follows: " That the holder of said mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt) to the appointment of a receiver of the rents and profits of said premises." This clause, the court said (263 N. Y. at p. 155), conferred " only the right to the appointment of a receiver of the rents and profits of said premises." In the instant case the mortgage clause not alone conferred upon the holder of the mortgage the right upon default " to enter upon and take possession " but the owner agreed in that event " to pay * * * reasonable rent for the premises occupied by him " or " be dispossessed by the usual summary proceedings." This provision is controlling and clearly distinguishes this case from *Holmes* v. *Gravenhorst* (*supra*), where there was no agreement in the mortgage impairing in any manner the mortgagor's right of possession pending the sale.

The motion is, therefore, granted, and the reasonable rental value of the first floor of the premises, occupied by the answering defendants in this action, is fixed in the sum of thirty-two dollars per month, which they will be required to pay to the plaintiff so long as they occupy the premises pending the action.

Settle order.