CITY OF LONG BEACH, Plaintiff, *v.* HELEN GOLD and Another, Defendants.

County Court, Nassau County, July 6, 1939.

*Louis Glantz, Corporation Counsel*, for the plaintiff.

*Milton Popper*, for the defendants.

JOHNSON, J. The city of Long Beach, foreclosing tax liens upon premises owned and occupied by the defendants, Gold, procured

the appointment of a receiver and now moves for an order of this court fixing a reasonable rent to be paid by such defendants for the occupation of those premises. The defendants submit no answer or affidavit in opposition, resting entirely upon the assertion that the plaintiff city is not entitled to a receiver or that, in any event, no occupational rent can be fixed because they are the owners of the equity, residing in the premises, upon the authority of *Holmes* v. *Gravenhorst* (263 N. Y. 148). That action was one to foreclose a mortgage upon a dwelling house owned and occupied by the mortgagor, the mortgage containing the following clause: " That the holder of said mortgage in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt) to the appointment of a receiver of the rents and profits of said premises." A receiver, having been appointed, applied for an order fixing the reasonable value of the occupation of the premises by the mortgagor and directing her to pay the rental so fixed. The Court of Appeals pointed out that, under the law governing the relation of mortgagor and mortgagee, the mortgagee has no right of possession by virtue of his mortgage pending foreclosure and does not acquire that right by the appointment of a receiver except in those cases where the right grows out of facts extrinsic to the mortgage contract or where the mortgage expressly gives him that right; and calls specific attention to the fact that the problem being dealt with in that case was that of the authority of a receiver appointed under an agreement contained in the mortgage and, thus, under a contract right, and not with the authority of a receiver appointed under the general equity jurisdiction of the court to preserve the property and income pending foreclosure. The court found, therefore, that the right sought on the part of the receiver must rest upon the clause in the mortgage which authorized the appointment of a receiver only of " the rents and profits of said premises " and that there were no such rents and profits when the mortgagor was rightfully occupying the premises as his residence. The decision, therefore, rested completely upon the contract between the parties contained in the mortgage.

Where, however, the contract contained in the mortgage provides specifically that the mortgagee, after default, may enter upon and take possession of the mortgaged premises and not only collect the rents therefrom but is assigned, by the mortgagor, not only such rents but the right to possession and a reasonable rent for the premises occupied by the mortgagor, then the mortgagee, even without the appointment of a receiver, upon demand and refusal, comes rightfully into possession of the premises and may have a

reasonable occupational rent fixed to be paid by the mortgagor. (*Long Island Bond & Mortgage Guar. Co.* v. *Brown,* 171 Misc. 15.) Obviously, the decision in that case would be equally applicable if the mortgagee, instead of going into possession himself, procured the appointment of a receiver. In that case, as in this, it was urged that the doctrine laid down in *Holmes* v. *Gravenhorst (supra)* was applicable. The court pointed out, however, that the clause in the mortgage in the *Holmes* case conferred only the right to an appointment of a receiver of the rents and profits of the premises, of which there were none, while in the *Long Island Bond & Mortgage Guarantee Co.* case the clause conferred not only the right to enter and take possession, but contained an agreement by the mortgagor to pay a reasonable rent for the premises occupied by him. Thus, the *Holmes* case was distinguished and the application fixing occupational rent was granted.

The proceeding here involved is not the foreclosure of a mortgage and the appointment of the receiver, and the rights of the receiver are not dependent upon any contract between the parties but upon the statute. The provisions relating to unpaid taxes in the city of Long Beach and the enforcement of their collection by sale of tax liens and foreclosure of the same are to be found in the charter of the city of Long Beach, being chapter 635 of the Laws of 1922, as amended. There was added to the sections of that act, relating to the foreclosure of tax liens, a new section 118-l, effective May 29, 1939, and constituting chapter 612 of the Laws of 1939. It was under that Act that the receiver, in the instant case, was appointed. The statute provides that at any time after the commencement of an action to foreclose a tax lien, the city of Long Beach shall be entitled, as a matter of right, to the appointment, for its benefit, of a receiver of the rents and profits of the property affected by the lien being foreclosed, that application for such appointment may be made *ex parte* and that the treasurer of the city of Long Beach shall be designated as receiver in every case, to serve without any additional fees or compensation. A receiver appointed under that statute is, obviously, in a different position from a receiver whose appointment and whose rights, when appointed, depend upon the contract between the parties. As was pointed out in *Holmes* v. *Gravenhorst (supra),* the right to the appointment of a receiver does not give him the right to possession of the premises except where that right is expressly provided for in the contract or except in those cases where the right grows out of facts extrinsic to the contract and where the receiver is appointed under the general equity jurisdiction of the court to preserve the

property and income pending the foreclosure. I think, therefore, that in the present case, the city treasurer, having been appointed receiver by virtue of the provisions of the statute, receives his appointment and his rights as receiver from facts outside of a mortgage contract and takes his appointment under the statutory authority conferred upon the court, there remaining in the court itself general equity jurisdiction to maintain and preserve the property and income pending the foreclosure.

Under the circumstances presented in the present application, the court is satisfied that equity requires the fixing of a reasonable occupational rent to be paid by the defendants to the receiver. Such rent is hereby fixed in the sum of $1,200 per annum, payable as follows: $150 for each of the months beginning June 6, July 6, August 6, and September 6, 1939, and $75 per month for the remaining months; the rent for June and July, 1939, to be paid within ten days; subsequent monthly rentals to be paid, in advance, on the sixth day of the month in each case; failure to pay within ten days in any case to result in the right of the receiver to occupation and possession of the premises.