In the Matter of the Application of the TREASURER OF THE CITY OF NEW YORK, as Receiver of Rents and Profits of Real Estate Known as Block 3714, Lots 5, 6, 7, 8 and 9, in the Borough of Brooklyn, Petitioner.

GOLD SEAL IRON WORKS, INC., Respondent.

Supreme Court, Kings County, April 22, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Julius Isaacs, Bernard J. Levy and Arthur Bleich of counsel), for petitioner.*

*Norman Kemper* for respondent.

COLDEN, J. This is an application by the Treasurer of the City of New York, as receiver, for an order, fixing, approving and allowing an occupational rent for premises 233–243 Van Sinderen Avenue in the borough of Brooklyn, city of New York, now owned, used and occupied by the respondent, Gold Seal Iron Works, Inc., and directing said occupant thereof to pay such occupational rent to the receiver, and in default thereof to forthwith surrender to the receiver the possession of said premises.

On September 13, 1939, pursuant to sections 415(1)–7.0 to 415(1)–56.0 of title A of chapter 17 of the Administrative Code of the City of New York (L. 1937, ch. 929, as amd.), certain transfers of tax liens were sold to the City of New York, which tax liens affected the real property described in this proceeding. They included the unpaid real estate taxes, assessments and water rents for the years 1929 to 1937, inclusive, together with the penalties thereon, which liens amount in the aggregate to the sum of $8,432.11, with interest, and thereafter the said transfers of tax liens were delivered to the City of New York, which is now the owner and holder thereof. In addition to the items contained in the transfers of tax liens there are arrears of taxes, assessments and water rents charged against the premises of a sum aggregating $3,557.64, so that the total amount of arrears now owing on the premises is $11,989.75 and interest, which represents unpaid taxes, assessments and water rents for a period of fifteen years, during which period respondent has been the owner of and in possession of the premises.

On January 13, 1944, the City of New York, pursuant to section 415(1)–53.3 of the Administrative Code (L. 1941, ch. 668) applied, ex parte, to the Supreme Court, Kings County, for the appointment of the Treasurer of the City of New York as receiver, which application was granted. Said order appointed the Treasurer receiver for the benefit of the City of New York of all the rents, issues and profits now due and unpaid or to become due and unpaid issuing out of the real estate described in this proceeding and ordered the receiver to demand, collect, sue for and receive from the tenants in

possession of the premises or any portion thereof or any other persons liable therefor, all of the rents thereof, and further ordered that the tenants in possession of the premises *or such other persons as may be in possession thereof,* be directed to attorn to the said receiver and, until further order of this court, to pay over to the said receiver all the rents of the said premises now due and unpaid or hereafter to become due and unpaid; and it was further ordered that all persons now or hereafter in possession of said premises, or any part thereof, forthwith surrender such possession to the said receiver upon his demand.

The present total of assessed valuation of the property is $17,200, and, according to the affidavit submitted by the respondent, the premises were purchased in 1926 for a price in excess of $30,000, and have been occupied solely and exclusively by the owner and respondent herein since that time. Thus, the present arrears amount to more than one third of the original purchase price of the property and about 70% of the present assessed valuation.

The validity and constitutionality of the statute under which this proceeding is brought were sustained in *City of New York (801–815 E. New York Ave.)* (290 N. Y. 236).

The respondent, however, opposes the application and says, " There is no authority for this application by the City of New York to fix occupational rent against the owner in possession under the authority of the case of *Holmes* v. *Gravenhorst* (263 N. Y. 148)."

In that case, the action being one to foreclose a mortgage upon a dwelling house owned and occupied by the mortgagor, the mortgage contained the following clause: " ' That the holder of said mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt) to the appointment of a receiver of the rents and profits of said premises.' "

In its decision in that case the court said: " The appellate division * * * has certified to us the question involved in the following language: ' On the facts shown in the record, was the receiver entitled to an order fixing the occupational rent of the mortgagor-owner in the absence of facts indicating that the motion should have been denied as a matter of discretion? ' We have, therefore, squarely presented the question as to whether, upon the appointment of a receiver in an action brought to foreclose a mortgage containing the covenant heretofore quoted, a mortgagor-owner may be required to pay rent to the receiver or be evicted from the premises prior to a sale under a judgment of foreclosure and sale."

Said the court further: "Under the law governing the relation of mortgagor and mortgagee of real property as now firmly established in this State, a mortgagee himself has no right of possession by virtue of a mortgage pending its foreclosure, and he does not acquire such a right by applying for and having appointed a receiver, except in those cases where the right grows out of facts extrinsic to the mortgage contract or where there is a clause in the mortgage expressly giving him that right. The right of possession given to a receiver is incidental to the purpose for which the receiver is appointed, namely, the collection of the rents and profits, and if there be no rents and profits because actual possession is in one having the right of possession inherent in his ownership, no right of possession exists which may be conferred upon a receiver."

But said the court also: "It should be borne in mind that we are here dealing with the question of the rights and authority of a receiver appointed under an agreement contained in the mortgage, a contract right, *and not with those of a receiver appointed under the general equity jurisdiction of the court to maintain and preserve the property and income therefrom pending a foreclosure.* In the case at bar the question for determination is what rights accrued under the agreement of the parties contained in the mortgage. In the other case, the question always is what jurisdiction a court of equity has under facts extrinsic to the mortgage; for instance, is the mortgagor committing waste or is the appointment of a receiver necessary to preserve the premises?" (Italics supplied.)

Thus, the decision in *Holmes* v. *Gravenhorst* (*supra*) is limited precisely to the agreement which was made between the mortgagor and the mortgagee and expressly excludes from its application the powers of a receiver appointed and acting under the general equity jurisdiction of this court.

A question almost precisely similar to the one here presented arose in the case of *City of Long Beach* v. *Gold* (171 Misc. 658) in which the City of Long Beach, foreclosing tax liens upon premises owned and occupied by the defendants Gold, procured the appointment of a receiver and moved for an order fixing reasonable occupational rent to be paid by the said defendants. In that case, as in this, the owners of the equity relied upon the authority of *Holmes* v. *Gravenhorst* (*supra*) and resisted the application. Said the court: "A receiver appointed under * * * statute is, obviously, in a different position from a receiver whose appointment and whose rights, when appointed, depend upon the contract between the parties. * * * there-

fore, * * * in the present case, the city treasurer having
been appointed receiver by virtue of the provisions of the
statute, receives his appointment and his rights as receiver
from facts outside of a mortgage contract and takes his appoint-
ment under the statutory authority conferred upon the court,
there remaining in the court itself general equity jurisdiction
to maintain and preserve the property and income pending the
foreclosure.'' (171 Misc. 658, 660–661.)

The application of *Holmes* v. *Gravenhorst* (*supra*) was fur-
ther limited in the case of *Matter of Mortgage Comm.* v. *Muller
Paper Goods Co.* (256 App. Div. 301). In that case, the mort-
gagee made application for an order directing the Muller Paper
Goods Co., Inc., the owner of the mortgaged premises, to make
available its records and data showing income and disburse-
ments pursuant to section 1077-c of the Civil Practice Act, so
that it might become known whether the mortgaged property
produced a surplus over and above taxes, interest and other
carrying charges. The mortgaged real property was improved
with a six-story concrete fireproof factory and loft building.
Two of the floors of the building were occupied by a tenant of
the owner under a lease from which the owner received sub-
stantial rent. In determining the income from the property,
the owner made no allowance for the rental value of that part
of the premises which it occupies. Upon the application of the
mortgagee for an order directing the owner to pay the surplus
income, proof was offered of the reasonable rental value of that
part of the premises occupied by the owner in the conduct of its
business and the mortgagee urged that if the owner be charged a
reasonable rental value, there would be a surplus. The owner
opposed the application on the ground that because it is the
owner of the property, it was not liable to pay rent for the prop-
erty occupied by it for its business. Said the court: '' In the
opinion of the court the section (Civ. Prac. Act, § 1077-c) is
broad enough to require the owner to render an account of the
use being made of the premises and the fair and reasonable
rental value of that part thereof which is occupied by it in its
business.'' (256 App. Div. 301, 302.)

In its discussion of the case, the court observed that the third
paragraph of section 1077-c of the Civil Practice Act expressly
excludes properties used for farming purposes, dwellings occu-
pied by the owner, or by the owner in conjunction with not more
than one family. Said the court: '' The exceptions make clear
that the Legislature took cognizance of the occupancy of the
mortgaged premises by the owner. Nevertheless, only three

types of such owner-occupancy are included in the exceptions and they do not include the circumstances of the instant case. The purpose of the section is reasonably clear. ⁕ ⁕ ⁕ The mortgagee may not seek the lands of the mortgagor or owner, but, where the property produces a surplus, the mortgagee is entitled to obtain relief from the provisions of the moratorium statutes which deprive him of his common-law right to payment, upon failure of the owner to ⁕ ⁕ ⁕ pay such surplus in reduction of the overdue principal. The holding in *Holmes* v. *Gravenhorst* (263 N. Y. 148) is not inconsistent with this conclusion."

Thereafter an appeal was taken to the Court of Appeals and the following question was certified: " In this proceeding, in ascertaining if surplus was produced pursuant to section 1077-c, Civ. Prac. Act, was it proper for the Special Term to refuse to include, as an item tending to produce surplus, the reasonable value of the use and occupation of that part of the mortgaged property occupied by the owner in the conduct of its manufacturing business?."

The Court of Appeals (281 N. Y. 780) affirmed the order of the Appellate Division with costs and answered the question certified in the negative.

Certain it is that if a mortgagee is entitled to compel the owner of the mortgaged premises to pay rent for its use and occupation of the business property used in its manufacturing business so as to reduce the principal of the indebtedness, then the City of New York is entitled to compel the respondent to pay to the Treasurer of the City of New York, as receiver, the reasonable rental value of the premises occupied by the respondent in the conduct of its business. Here for fifteen years respondent has had the potential benefit of many of the facilities of the municipality, including the protection of the Police Department, the Fire Department, the Health Department, Department of Hospitals, Department of Sanitation and all of the other agencies of the City which in that period of time were of assistance to the respondent in the conduct of its business. For all of this the respondent has contributed nothing to the common fund created by the taxpayers of the municipality. Every equitable consideration indicates that the powers of this court should be invoked to carry out the provisions of the statute under which the City makes this application.

As was said in *County of Nassau* v. *Lincer* (254 App. Div. 746): " It is the policy of the law to insure the collection of all taxes, and whenever it is possible on any theory to do so the courts will construe the statutes to accomplish that result."

And in *City of Rochester* v. *Kapell* (86 App. Div. 224) : " The source of all power to tax within the State, whether by the State, the city, the town or the county is the Legislature. The Legislature has a right to provide for the protection of all such taxes. The policy of the law is to insure the collection of all taxes."

The petitioner seeks to have this court fix the occupational charge for the space used and occupied by the respondent at the rate of $100 per month commencing on the 1st day of January, 1944, which was before the receiver was appointed. The respondent objects to the court's fixing the rent or occupational charge on the affidavits submitted by the petitioner. It objects also to the commencement of rent before the appointment of the receiver. These objections are sound. On the other hand, there should be no delay in the fixing of rent or the determination as to when it shall commence. The court will take proof as to the occupational value of the premises on Thursday, April 27, 1944, at ten o'clock in the forenoon, in the courtroom of Trial Term, Part 10, of this court, and will hear counsel at the same time on the issue as to when rent shall commence.

The application of the petitioner is in all respects granted except as to the rent or occupational value of the premises and the date from which it shall commence, both of which will be determined at the hearing indicated above and will be included in the order to be entered hereon. Submit order on notice in accordance with the foregoing.