CHARLES W. CLACKETT et al., Copartners Doing Business under the Name of LAUREL MILLS COMPANY, Respondents, v. MAX KLEPPEL et al., Copartners Doing Business under the Name of KLEPPEL & PERLMAN, Appellants.— Order denying motion by defendants to dismiss the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action, affirmed, with ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon. No opinion. Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

ANNA HOWARTH et al., Respondents, v. CITY OF NEW YORK, Appellant.— In an action by plaintiff wife to recover damages for personal injuries sustained when she slipped and fell on ice on a public sidewalk, and by plaintiff husband for expenses and loss of services, judgment in favor of plaintiffs entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Johnston, Adel and Aldrich, JJ.; Carswell, J., not voting. [See post, p. 861.]

In the Matter of COLEMAN E. ISAACS, Judgment Creditor, Plaintiff, against MAX BERSON et al., Judgment Debtors, Respondents. ALEXANDER BERSON, Respondent; HUGH MCCORMACK, as Receiver, Appellant.— Resettled order dated April 18, 1944, denying motion of appellant receiver to fix the occupational rent to be paid by the judgment debtors and also by Alexander Berson, for the use of portions of certain real property at 793 DeKalb Avenue, Brooklyn, N. Y., reversed on the law, with ten dollars costs and disbursements, the motion granted, without costs, and the matter remitted to Special Term to fix the amounts to be paid. The receiver in supplementary proceedings became vested with the right to possession of the judgment debtors' real property to satisfy the judgment. This right to possession entitled him to have fixed the occupational value of the property, so far as it was occupied by the judgment debtors and their son. This is a statutory right. (Civ. Prac. Act, § 807; Chadeayne v. Gwyer, 83 App. Div. 403; Hall v. Senior, 54 Misc. 463; 3 Weed on New York Law of Real Property [3d ed.] p. 1332.) The cases upon which the respondents rely are not to the contrary. They merely sustain what the foregoing cases hold — that title to the real property of judgment debtors does not vest in the receiver in supplementary proceedings. Likewise, Holmes v. Gravenhorst (263 N. Y. 148) is not to the contrary. It recognizes that a receiver may be given possession of a judgment debtor's real property where that right is founded upon a statute, as in the case at bar, and as was the situation in City of Long Beach v. Gold (171 Misc. 658) and Matter of Treasurer of City of N. Y. [Gold Seal Iron Works] (183 Misc. 84). Appeal from order dated March 25, 1944, dismissed, without costs, as academic. Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.