MICHAEL WITAS et al., Plaintiffs, *v.* PETER CARLSON et al., Defendants.

County Court, Nassau County, February 13, 1952.

*Payne, Wood & Littlejohn* for plaintiffs.

*Herman J. Herbert, Jr.,* for Lewis & Valentine Nurseries, Inc., defendant.

*Wood, Gehrig & Wilklow* for Philip Wolsky, defendant.

*James L. Dowsey, Jr.,* for Harold R. Roffmann, defendant.

*Huntington, Chase & Hill* for Lansdell Co., Inc., defendant.

*Meyer J. Cantor* for William R. Hearst, Jr., defendant.

*Louis M. Wolf* for Hans Schaller, defendant.

*George S. Eaton* for R. B. Hamilton Trucking Co., Inc., defendant.

*Joseph L. Martin* for Guy B. Atonna, defendant.

*Goldman, Horowitz & Cherno* for Indemnity Insurance Co. of North America, defendant.

*Jacob J. Pincus* for Charles Werther, doing business as Charles of Glen Cove, defendant.

*Louis G. Hart, Jr.,* for Robert Anderson, defendant.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran, Samuel Stern* and *George Grau* of counsel), for Industrial Commissioner of State of New York.

*Harold L. Haskin* for Gramatan National Bank and Trust Company of Bronxville, defendant.

*Ben L. Salee* for Tilo Roofing Co., Inc., defendant.

*Cornelius J. Barry, Jr.,* as receiver of property and estate of Peter Carlson.

CHRIST, J.   This is a motion to confirm the report of a Referee appointed in a surplus money proceeding subsequent to a sale in foreclosure.   Claims to the surplus of $1,960.89 are asserted by the Industrial Commissioner of the State of New York and a number of judgment creditors.   The Gramatan National Bank and Trust Company, one of the judgment creditors, claims a priority by virtue of a judgment docketed on March 3, 1949, and the appointment of a receiver in supplementary proceedings.   The Industrial Commissioner also claims a priority and the remaining judgment creditors contend that the surplus moneys are payable to them in the order of docketing of the judgments and are not affected by the appointment of the receiver in supplementary proceedings as was held by the Referee.

The claim of the Industrial Commissioner is predicated upon unemployment insurance taxes due and owing from defendant Peter Carlson, the owner of the equity of redemption.   This claim includes warrants in the sum of $409.89 and $15.00, with interest docketed on August 18, 1949, and December 7, 1949, respectively.   The rule is well settled that moneys and taxes due the State have a priority over all other general liens and may be superseded only by a prior specific lien obtained by a creditor.   (*Marshall* v. *New York,* 254 U. S. 380; *Matter of Carnegie Trust Co.,* 206 N. Y. 390; *Matter of Smith* v. *Meader Pen Corp.,* 280 N. Y. 554; *Matter of Lehrer-Howard, Inc.,* 181 Misc. 683.)   Thus, the claim of the Industrial Commissioner here is entitled to the priority granted by the Referee.

The contention of the Gramatan National Bank that it is entitled to a priority over pre-existing judgment liens because it secured the appointment of a receiver in supplementary proceedings is without merit.   While section 807 of the Civil Practice Act provides that the real property of a judgment debtor is vested in such receiver he does not take title thereto.

He has only a right of possession to satisfy the judgment. (*Matter of Isaacs* v. *Berson,* 268 App. Div. 796; *Faneuil Hall Nat. Bank* v. *Bussing,* 147 N. Y. 665; 5 Carmody on New York Practice, § 1870.) The receivership does not divest the debtor of legal title to the realty as is the case where personal property is involved. The possession of the real property taken by the receiver is subject to pre-existing liens.

Where real property is sold under a judgment of foreclosure, the proceeds of sale are encumbered by the liens which previously attached to the land. (*Kittle* v. *Gordon,* 146 Misc. 726; *Matter of One Hundred and Fifteenth and Vistula Aves.,* 137 Misc. 358.) The judgments docketed prior to the delivery of the Referee's deed were liens on the realty. They attach to the surplus moneys in the order of priority of docketing and are so payable. (*Warwick Sav. Bank* v. *Long Is. Chapter K. of C. Social Service,* 253 App. Div. 276; *White* v. *Bogart,* 73 N. Y. 256.)

The report of the Referee is modified to the extent above indicated. Settle order on two days' notice.