(159 App. Div. 484.)

### PUBLIC BANK OF NEW YORK v. LONDON et al.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

MORTGAGES (§ 473*) — FORECLOSURE — RIGHTS OF RECEIVER — COLLECTION OF RENT.

> A receiver of rents appointed by the court in mortgage foreclosure proceedings could collect rents from the owner of the fee who was an occupant of a part of the property; he being in the same position as any other tenant.

> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

Appeal from Special Term, New York County.

Mortgage foreclosure action by the Public Bank of New York against Louis London and others, in which Henry B. Singer was appointed receiver. From an order denying the receiver's application for an order fixing a rental value, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Abraham H. Rubenstein, of New York City, for appellant.
Monte London, of New York City, for respondent.

HOTCHKISS, J.   The appellant is a receiver of rents appointed in this action brought to foreclose a mortgage.   The respondent is the owner of the fee of the premises under foreclosure and occupied a portion of the premises.   The respondent having refused to comply with the demand of the receiver that he pay a reasonable rental for use and occupation, the receiver applied to the court below for an order to compel the respondent to pay such rental, amounting to $150 a month, or to vacate the premises, and the application was denied.

By the appointment of the receiver, the court took control of the premises, and the respondent as an occupant of a portion thereof stands in no better position than would a tenant and is equally bound to pay the receiver for the value of his use and occupation.   Necessarily, this must be so, for otherwise, if the owner against whom foreclosure was pending occupied the whole of the mortgaged premises, the appointment of a receiver would be a futile thing, and the order of the court would be without value for the protection of the res over which it had assumed jurisdiction.   The fact that the jurisdiction of the court in such cases is so elementary is probably the reason why so few precedents are to be found, but Gunning v. Bowers, 1 Law Bull. 19, is directly in point.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

144 N.Y.S.—36