BROADVIEW TRADERS, INC., Plaintiff, *v.* RAMDEE REALTY CORPORATION and Another, Defendants.

Supreme Court, New York County, February 7, 1928.

**Mortgages — foreclosure — application by receiver to punish owner of equity of redemption for contempt in collecting rents and failing to pay occupation rent — order directing payment of occupation rent cannot be attacked collaterally — application to punish is granted.**

The application of a receiver in a mortgage foreclosure action to punish the owner of the equity of redemption for interfering with the receiver's possession, is granted on the ground that the owner of the equity of redemption and its president collected rents and entered into a lease with a third person and also refused to pay the occupation rent fixed by the court. The conduct of the owner's president was obstructive and defiant.

A mistake in the order fixing the occupation rent as for rooms 22 and 23, when the rooms stated should 'have been 23 and 24, cannot be raised collaterally on this application.

The owner of the equity of redemption, which occupies a portion of the premises, must pay the occupation rent fixed by the court and its failure to do so constitutes contempt.

MOTION by receiver in an action to foreclose a mortgage to punish the owner of the equity of redemption and its president for contempt of court in interfering with the receiver's possession of the property.

*Herman Gottlieb*, for the plaintiff.

*Lyons & Feinberg*, for the defendants Ramdee Realty Corporation and Abraham M. Bruckman.

LEVY, J. The receiver in an action to foreclose a mortgage seeks to punish the Ramdee Realty Corporation, the owner of the equity of redemption, and one Druckman, its president, for willful contempt of court in interfering with the receiver's possession of the property. The respondents, it is alleged, collected rent from one of the tenants and also entered into a lease with another, the Sacco Uniform Company, and collected the first month's rent together with a sum of money as security. It is further sought to punish Druckman for failing to comply with the order of the court directing him to pay occupation rent for rooms 22 and 23 of the premises covered by the foreclosure proceedings.

His answering affidavit indicates that the rents collected by him have been returned, and the persons from whom the moneys were collected did not actually enter into possession. The payment of the Sacco Uniform Company was not returned, however, until these contempt proceedings were instituted, and Druckman's conduct on the whole toward the receiver has been, to put it mildly, obstructive and defiant.

As to that branch of the application which seeks to punish Druckman for failing to pay as directed, certain difficulties appear. When the motion was made to fix the sum in this direction, he defaulted for the reason, as he claims, that as he did not occupy rooms 22 and 23, the order could not be effective. This was probably in line with his other conduct in embarrassing the receiver. There is hardly any doubt that he, or the corporation controlled by him and through which he transacted his realty business, occupied room 24. As to room 23 there is also abundant evidence that he was in possession. The order, however, inadvertently specified rooms 22 and 23, whereas 23 and 24 appeared to have been intended. Still he may not attack the order collaterally, and thus escape paying his

just obligation. Until the order is vacated or otherwise disturbed, it seems to me he must comply with its terms.

It may be appropriate in this connection to refer to the state of the law on the propriety of contempt proceedings against one who has failed to pay rent to a receiver in a situation of this character. It has been held that a receiver of the rents and profits of mortgaged premises cannot resort to these proceedings to compel tenants of the owner to pay rent. (*Greenwich Savings Bank* v. *Silverman*, 153 App. Div. 883; *American Mortgage Co.* v. *Sire*, 103 id. 396; *Guerrier* v. *Coleman*, 135 id. 46.) But the duty of an owner of the fee occupying a portion of the premises is in that respect somewhat different. He must pay the occupation rent as fixed by the court. (*Public Bank of N. Y.* v. *London*, 159 App. Div. 484.) As Mr. Justice HOTCHKISS said in that case: " By the appointment of the receiver the court took control of the premises, and the respondent as an occupant of a portion thereof stands in no better position than would a tenant and is equally bound to pay the receiver for the value of his use and occupation. Necessarily this must be so, for otherwise if the owner against whom foreclosure was pending occupied the whole of the mortgaged premises, the appointment of a receiver would be a futile thing and the order of the court would be without value for the protection of the *res* over which it had assumed jurisdiction. The fact that the jurisdiction of the court in such cases is so elementary is probably the reason why so few precedents are to be found,   *   *   *.''

While tenants of the owner may not be punished for contempt in failing to pay rent, occupants whose obligation is fixed by the order of the court, it would appear, must either vacate or meet the mandate, and their continuing in possession without paying, is necessarily a contempt of the court.

The motion is, therefore, granted and the respondent Druckman is fined the sum of $450 to apply against the occupation rent due for December and January. In addition, he is fined the sum of $100 for interfering with the receiver's control of the premises, and he is cautioned that a recurrence of these obstructive tactics will likely render him liable to more drastic punishment. These sums are to be paid within five days after the service of a copy of the order to be entered hereon with notice of such entry. In the event of his failure to comply, let a commitment issue. Settle order.