BERNARD REICH, as Receiver, Landlord, *v.* CORA CRAWFORD, Tenant.

Municipal Court of New York, Borough of Manhattan, Tenth District, August 11, 1931.

*Brandes, Hirschberger & Stillwell*, for the landlord.

*Pope B. Billups*, for the tenant.

DAVID C. LEWIS, J. While the receiver has the right to sue and recover for the use and occupancy of the mortgaged premises (*New Way Building Company* v. *Taft*, 129 Misc. 170; *Public Bank* v. *London*, 159 App. Div. 484; *Home Life Insurance Co.* v. *O'Sullivan*, 151 id. 535; *Olive* v. *Levy*, 201 id. 262; *De Vita* v. *Pianisani*, 127 Misc. 611), this fact does not necessarily warrant summary proceedings against the mortgagor (tenant). These proceedings require the existence of the conventional relationship of landlord and tenant, except where otherwise expressly allowed by statute. (*Reich* v. *Cochran*, 201 N. Y. 450.)

" To entitle a party to this summary remedy, it must appear that the relation is a conventional one, created by agreement, not by mere operation of law. This is well settled. (*Evertson* v. *Sutton*, 5 Wend. 281; *Roach* v. *Cosine*, 9 id. 227; *Sims* v. *Humphrey*, 4 Denio, 186.) The relation of landlord and tenant does not necessarily exist in many cases where the legal ownership is in one person and the possession in another, although by the express compact of the parties. (Chambers L. & T. 12.) It can only arise where he who is in possession has, by some act or agreement, recognized the other as his lessor, or landlord, and taken

upon himself the character of a tenant under him, so that he is not at liberty afterwards to dispute his title; and this statutory remedy in favor of a landlord, or lessor, can properly be resorted to, only in cases of a holding over after the expiration of such tenancy." (*Benjamin* v. *Benjamin*, 5 N. Y. 383, at p. 388.) (See, also, *Matter of Norton* v. *Norton*, 212 App. Div. 845; *People ex rel. Mitchell* v. *Simpson*, 28 N. Y. 55.)

It is not denied that Cora Crawford did not originally occupy the premises as a tenant. It is claimed that the order of the Supreme Court entered in the foreclosure action, fixing a reasonable monthly rental value for the use of the premises and directing Crawford (apparently as the mortgagor), either to pay the same to the receiver or to vacate the premises, created the relationship of landlord and tenant between the parties.

In so far as the right to invoke summary proceedings pursuant to the statute requires the relationship of landlord and tenant I doubt if the order entered, in and of itself is a sufficient basis for the institution and maintenance of these proceedings in this particular instance.

The motion to dismiss these proceedings is, therefore, granted.