Robert V. Santangelo, J.
This is a petition for a final order by Ethel Bein, a duly appointed and qualified Receiver in a foreclosure action pending in the Supreme Court, Bronx County, against the mortgagor in possession, Mueson Realty Corp., and its tenant, William N. Muir, doing business as Elevator Repair Co. The order appointing the Receiver, dated February 5,1959, fixes the rent of the premises in the amount of $7,000 per year, payable in monthly installments commencing on the first day of January, 1959. It is conceded that the Receiver made a demand upon the mortgagor-owner and its tenant for the sum of $1,166.66, which was not paid. It is also conceded that the *662 Mueson Realty Corp. owns the premises and that William N. Muir, its president and sole stockholder, conducts the elevator repair business at the premises, which are not otherwise occupied and from which there is no income. In their answer, the mortgagor in possession and William N. Muir deny that there is any relationship of landlord and tenant, and object to the jurisdiction of the court. The mortgagor-owner and its tenant cite Holmes v. Gravenhorst (263 N. Y. 148) as the leading case, holding that a mortgagor or owner-occupant in a foreclosure of its property is entitled to remain in possession until a judgment of foreclosure and sale, and that the Receiver to the mortgage being foreclosed cannot oust the owner-occupant prior to the judgment of foreclosure and sale.
The court finds that while this is good law, the facts and circumstances in this case are entirely different. The rights of the Receiver and mortgagee are dependent upon the language of the mortgage between the mortgagor and mortgagee. The mortgage herein, dated November 12, 1957, contains the following language : 1 ‘ The mortgagor will * * * in the event of any default under this mortgage will .pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.”
There is also a consolidated agreement dated November 12, 1957, which contains the following clause: “ That in the event of any default in the performance of any of the terms, covenants or agreements herein or in said bond or note and mortgage contained, it is agreed that the then owner of the mortgaged premises, if he is the occupant of said premises or any part thereof, shall immediately surrender possession of the premises so occupied to the holder of said mortgage, and if such occupant is permitted to remain in possession, the possession shall be as tenant of the holder of said mortgage and such occupant shall, on demand, pay monthly in advance to the holder of said mortgage a reasonable rental for the space so occupied and in default thereof, such occupant may be dispossessed by the usual summary proceedings. In case of foreclosure and the appointment of a receiver of rents, the covenants herein contained may be enforced by such receiver.”
It is the opinion of this court that the language of these two instruments, when applied to the Holmes v. Gravenhorst decision *663 {supra), clearly brings the instant proceeding within the exception therein made, and permits the Receiver herein to oust the mortgagor and any other person from possession of the premises. It is the opinion of the court that the language of the agreements above quoted relegates the Mueson Realty Corp. to the position of a tenant upon its default in the performance of the terms of the agreements, and further requires that if Mueson Realty Corp. is permitted to remain in possession of the premises it shall pay to the Receiver a reasonable rental, which was determined by the Supreme Court hereinbefore referred to. Under the order of the Supreme Court, the Receiver is authorized to prosecute summary proceedings for the removal of any tenant or other person from the premises. The order provides that all persons in possession of the said premises or any part thereof and not holding such possession under a valid and existing lease shall forthwith surrender such possession.
Subdivision 8 of section 1414 of the Civil Practice Act provides that a Receiver may institute summary proceedings when authorized to do so by the court.
By order of the Supreme Court, the rent of the premises was fixed in the amount of $7,000 per year, payable in monthly installments, commencing with the first day of January, 1959. Pursuant to said order, all tenants or other persons in possession were directed to attorn to the Receiver and pay over to said Receiver all rent then due or that might thereafter become due. It is the opinion of this court that Mueson Realty Corp. assumed the position of a tenant upon its default and thereby became subject to summary proceedings by the Receiver herein. William N. Muir, doing business as Elevator Repair Co., is a person whose occupancy depends through sufference by the mortgagor-owner and is paying no rent for the premises. Since a Receiver of rents, appointed in a foreclosure proceeding, has a right to rents falling due after his appointment and to unpaid rents accruing prior thereto (New York Life Ins. Co. v. Fulton Development Corp., 265 N. Y. 348), the court finds that, inasmuch as Mueson Realty Corp. assumed the position of a tenant upon its default in the performance of the terms of the mortgage agreement, the law demands that if it remains in possession of the premises, or William N. Muir conducted business with its permission under the business of the Elevator Repair Co., then they were bound to attorn to the mortgagor and/or Receiver, for the rents which were due on and after January 1,1959.
Accordingly, the court finds that there was a relationship of landlord and tenant between the mortgagee and/or Receiver and the mortgagor-owner because of the default in the mortgage *664 agreement affecting the parties herein, and because the January and February rents (of 1959) were not paid though due demand was made by the Receiver upon Mueson Realty Corp. and William N. Muir, doing business as Elevator Repair Co., the Receiver may institute a summary proceeding for nonpayment of rent for January and February, 1959.
The issues of this proceeding having come on for trial, final order is made in favor of the Receiver against the Mueson Realty Corp. and William N. Muir, awarding the said Receiver delivery of possession of the premises described in the petition by reason of the nonpayment of rent in the sum of $1,166.66, together with the costs of this proceeding. Issuance of the warrant stayed to and including April 6,1959.