William J. Sullivan, J.
The action is one for foreclosure of mortgaged property located at 522 Shore Road, Long Beach, New York. A receiver for said premises, Morris Rochman, was appointed by order of Mr. Justice Lynde, dated March 24, 1977, and qualified to act in such capacity.
*714 Apartment 2F in said premises is occupied by Jerry Klein and Marcia Klein. Jerry Klein is also a partner of defendant owner of premises and paying no rent for said apartment. It is his claim that as an owner of premises he cannot be made to attorn. A copy of the order appointing receiver dated March 24, 1977 was served on both Marcia and Jerry Klein prior to April 1, 1977 and said order directed the receiver to demand, collect and receive rents from all in possession of said premises and directed all persons in possession to attorn to said receiver and to pay over all rents of said premises and required the receiver to recover possession and prosecute suits for collection of rents and to institute summary proceedings. .
A demand for payment for five months rent for months of April though August 31, 1977 in the sum of $2,375 representing a monthly rate of $475 a month was served on August 19, 1977.
The contention of Jerry Klein that as an owner of the premises he cannot be required to pay rent completely overlooks the provisions of paragraph 18 of the mortgage which specifically requires the mortgagor to pay a receiver the reasonable rental value of the use and occupation of any portion of the premises occupied by the mortgagor after the appointment of a receiver. It is well settled that where a receiver is appointed under the terms contained in the mortgage, rather than under the general equity jurisdiction of the court, in order to maintain and preserve the property income pending foreclosure, the contract terms of the mortgage will prevail (Public Bank of N. Y. v London, 159 App Div 484; Bein v Mueson Realty Corp., 17 Misc 2d 661).
Upon the facts herein, therefore, the receiver is entitled to the relief sought.