833 P.2d 240

**FIRST INTERSTATE BANK OF LEA COUNTY, Plaintiff–Appellee,**

**v.**

**HERITAGE SQUARE, LTD., a New Mexico limited partnership, Lonnie A. Pierce and Eula Pierce, husband and wife, and Virgil Ford and Marie Ford, husband and wife, Defendants–Appellants,**

**and**

**Aloysuis K. Marczyk, et al., Defendants.**

No. 19955.

Supreme Court of New Mexico.

June 3, 1992.

Rehearing Denied June 26, 1992.

Maddox & Saunders, Don Maddox, Gary L. Clingman, Hobbs, for defendants-appellants.

Neal & Neal, P.C., J.W. Neal, Gary Don Reagan, P.A., Gary Don Reagan, Mark Terrence Sanchez, Hobbs, for plaintiff-appellee.

## OPINION

FROST, Justice.

After trial to the bench [1], judgment was entered in favor of plaintiff, First Interstate Bank of Lea County, on its complaint for foreclosure and money due against defendants Marczyk and Lombard on property leased to Heritage Square, Ltd., holder of a second mortgage on the subject prop-

---

1. Defendants Marczyk and Lombard failed to appear at trial to defend against the complaint and cross-claims or to prosecute their counter-claims. No testimony was presented at trial, nor were exhibits or depositions tendered by any of the parties. By stipulation of the parties, the record before this court was supplemented with the depositions of Marczyk, Lombard, and Gaylon Lovelady, a general partner of defendant Heritage Square, Ltd.

erty. Heritage appeals the judgment contending that a modification of the lease permitted it to offset an amount from each monthly payment to be applied to its debt, and that the court's judgment prejudiced its right to collect amounts due under two promissory notes. We affirm in part and reverse in part.

In 1986, Marczyk and Lombard purchased a shopping center in Hobbs, New Mexico, from Heritage whose general partners during all material times were Gaylon Lovelady, Virgil Ford, and Marie Ford. Marczyk and Lombard executed a promissory note in favor of plaintiff secured by a first mortgage on the property, and made two other notes in favor of Heritage secured by a second mortgage on the property. Heritage subsequently assigned the notes to defendants Ford and Pierce. At the same time, Marczyk and Lombard leased the property back to Heritage in a five-year master lease. Upon receipt of the monthly lease payments from Heritage, Marczyk and Lombard would pay plaintiff on its note and also pay Heritage, as agent for Ford and Pierce, on their notes.

In mid–1987, Heritage began deducting from the monthly lease payment an amount equal to the monthly payment owed on the Ford and Pierce notes. Although Marczyk and Lombard objected to Heritage's failure to pay the entire monthly lease amount and to the manner in which Heritage was paying on the Ford and Pierce notes, the offsetting continued through December 1989. During this time period, Marczyk and Lombard notified Heritage in writing that it should make full payment to them and bring the account current. In 1989, when Marczyk and Lombard defaulted on plaintiff's note, the district court, pursuant to the terms of the mortgage, appointed plaintiff the receiver of the property.

At trial, plaintiff denied any modification of the lease, based on the continuing claim by Marczyk and Lombard that payments should have been made to them according to the terms of the lease. The court, finding no written modification altering the performance of Heritage under the lease, ordered the proceeds from the sale of the property to be applied to plaintiff's debt. The court also ruled that Heritage, Ford, and Pierce were entitled to judgment against Marczyk and Lombard on their notes and were awarded attorney fees, costs, and interest, but they were not entitled to receive monies collected by the receiver under the lease.

Modification of Lease

■ Heritage, Ford, and Pierce challenge the court's finding regarding modification of the lease with respect to an offset of the monthly payment. An appellate court will not disturb the trial court's findings of fact that are supported by substantial evidence. *Cave v. Cave*, 81 N.M. 797, 799, 474 P.2d 480, 482 (1970). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* This court will indulge all reasonable inferences and resolve all disputed facts in favor of the trial court's findings. *Id.*

■ Contrary to Heritage's contention, we find substantial evidence to support the trial court's finding that the master lease had not been modified. Although the record is unclear as to the exact date of the alleged modification, it appears Heritage began to offset the monthly payment in 1987. In June 1987, Lombard specifically requested Heritage to pay immediately any amounts due under the lease. A July 1989 letter from Lombard to Heritage clearly requests that Heritage cease offsetting the monthly lease payment, comply with the written terms of the lease, and tender the full monthly payment to Marczyk and Lombard. Consistent with this correspondence is the deposition testimony of Marczyk that the monthly offset by Heritage was an absolute violation of the terms of the master lease. Finally, with reference to the provision in the lease granting a "right to offset" to either party, that right only could be exercised if the other party defaulted on an obligation. The record contains no evidence that Marczyk and Lombard were in default on the Ford and Pierce notes during the times when Heri-

tage was offsetting the monthly lease payment.

Receivership Authority

A court's authority to appoint a receiver can be derived from several sources. Court receivers are appointed by virtue of a court's equity jurisdiction or statutory authority. Receivers may be provided for in a variety of contracts. 65 Am.Jur.2d *Receivers* § 2 (1972). Receiverships are general or special depending on whether the receiver's duty is to administer all of the assets of a person or corporation or to take control of a particular property such as that subject to a mortgage. *Id.;* Ralph E. Clark, *A Treatise on the Law and Practice of Receivers* § 103 (3d ed. 1959). In the instant case, plaintiff properly is classified as a special receiver with control over only the subject property. "It is well-settled that where a Receiver is appointed under the terms contained in the mortgage, rather than under the general equity jurisdiction of the Court, in order to maintain and preserve the property income pending foreclosure, the contract terms of the mortgage will prevail." *Union Dime Savings Bank v. 522 Deauville Assocs.,* 91 Misc.2d 713, 398 N.Y.S.2d 483, 484 (1977). Thus, a special receiver may not be granted powers by the court inconsistent with the mortgage provisions under which the receiver was appointed.

Upon application of plaintiff and with consent of defendants, plaintiff was appointed receiver by the court on October 20, 1989. The authority to appoint a receiver was derived from the mortgage given to plaintiff by Marczyk and Lombard. The pertinent provision states:

It is further agreed and stipulated that in case of a foreclosure of this Mortgage, upon the filing of the complaint for such foreclosure, a Receiver may be appointed immediately and without notice to the defendants in such proceeding, to take charge of the mortgaged premises and to hold possession of the same until the foreclosure sale thereof, or until the indebtedness hereby secured is fully paid and all the rents and profits derived from said premises, less the costs and expenses of the Receivership, shall be applied on the indebtedness secured hereby[.]

During the period when Heritage applied the offset amounts until appointment of the receiver, Ford and Pierce received $19,486.00 toward the amount owed under their notes. The district court ordered the receiver to recover these funds and to apply them to plaintiff's note. Heritage also was ordered to pay $48,777.50 in past rent unpaid from the date of the lease until June 1, 1990. Appellants contend the court exceeded its jurisdiction by ordering the receiver to recover past due rents and the offset amounts applied to the Ford and Pierce notes.

With regard to the unpaid past rents, the court evidently concluded, given the wording of the relevant provision in the mortgage, that the parties intended to grant to the receiver the power to collect past due rents. The court order authorized the receiver "to collect and receive from Heritage * * * all sums of money due and to become due as rent from the property * * *." The court's interpretation is consistent with the terms of the mortgage, which authorized the receiver to apply to the secured debt "all the rents and profits derived from said premises." The past rents, although unpaid, clearly were derived from the leased property. Accordingly, we affirm that portion of the June 19, 1990, partial judgment requiring Heritage to pay the receiver $48,777.50 in unpaid rent, most of which had become due during the term of the lease but before the appointment of the receiver. However, that part of the judgment requiring Ford and Pierce to pay the receiver the $19,486.00 in claimed offsets is reversed. The mortgage does not contain a subrogation clause, which would have allowed the receiver to assert claims on behalf of Marczyk and Lombard against Ford and Pierce. Although Marczyk and Lombard did file a cross-claim for all amounts retained as offsets against Ford and Pierce, the trial court, by the dismissal with prejudice, entered judgment on the merits against Marczyk and Lombard, which became the law of

the case regarding Marczyk and Lombard's claims against Ford and Pierce. Ford and Pierce cannot be held liable to plaintiff for the offset amounts applied to their notes prior to the appointment of the receiver. Plaintiff is entitled to any offsets paid by Heritage to Ford and Pierce on the Marczyk and Lombard notes, if any, only after the receiver's appointment since such sums would fall within the class of rents derived from the property. In addition, plaintiff also is entitled to all rents derived from the secured property, whether past due at the time of the receiver's appointment or owed subsequent to the appointment. The doctrine of the law of the case does not apply to Marczyk and Lombard's cross-claim for past due rents against Heritage because that issue was decided on plaintiff's complaint and not on the cross-claim.

Based on the foregoing, the district court's partial judgment is affirmed in part and reversed in part.

IT IS SO ORDERED.

RANSOM, C.J., and FRANCHINI, J., concur.