In the Matter of Astoria Boulevard.

Supreme Court, Special Term, Queens County, June 1, 1939.

*Underhill & Foster* and *James K. Foster*, for the assignee of the award.

*Vine H. Smith, United States Attorney, Eastern District, New York,* and *William S. Perlman, Assistant United States Attorney* [*Elmer T. Kemper, Special Attorney, Bureau of Internal Revenue,* of counsel], for the United States.

Lockwood, J. This court, by memorandum decision dated February 6, 1939, passed upon various claims against the award contained in the final decree for Damage Parcel 215, determined the priorities of various liens, and decided: " Subject to payment or proof of satisfaction of the United States Government's claim, the award shall be paid as follows: 1. Charles H. Jones et al.,

judgment creditors. 2. Lien of the attorney for services rendered in the proceeding. 3. Claim of Mr. Kalenderian for services rendered. 4. Bank of Farmingdale, assignee. 5. Bank of Hicksville, assignee. Settle order on notice."

The award, with interest, amounted to $26,494, but since the payment to the city of taxes, assessments and other charges which were liens against the damage parcel, the sum now remaining for distribution is approximately $17,634.

On February 28, 1938, the United States government, through its Collector of Internal Revenue, filed with the city comptroller notice of its tax lien amounting to $1,031 and interest.

In order to bring in the government as a party to these pending motions, counsel for petitioners served on the United States Attorney on March 17, 1939, a copy of the petition and notice of motion and a copy of the proposed order which was to be settled on notice pursuant to the decision of this court referred to above.

The government now submits a memorandum wherein it asks that the comptroller should first pay to the Collector of Internal Revenue the amount of the lien for income taxes owed by the former owner of the damage parcel and objects to the granting of the proposed order which prefers the other claims and liens. It relies largely upon sections 1560 to 1562 of title 26 of the United States Code (R. S. § 3186; 45 Stat. 875), which provide:

" § 1560. Property subject to lien. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

" § 1561. Period of lien. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

" § 1562. Validity against mortgagees, purchasers, and judgment creditors. Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector —

" (a) * * * In accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice; or

" (b) * * * In the office of the clerk of the United States District Court for the judicial district in which the property subject

to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice."

Section 240 of the New York State Lien Law provides: " Notices of liens for internal revenue taxes payable to the United States of America and certificates discharging such liens may be filed in the office of the recording officer of the county in which real property subject to any such lien is situated  *  *  *.  Until the filing of such notice, such lien shall not be valid as against any mortgagee, purchaser or judgment creditor having or claiming any right, title or interest in or to or lien against such property, or any part thereof."

Section 982 of the old charter (Greater N. Y. Charter) is entitled " Instruments assigning or pledging awards to be filed in the office of the comptroller," and reads: " In case of the pledge, sale, transfer or assignment of an award by the person entitled to receive the same  *  *  *  the instrument evidencing such pledge, sale, transfer or assignment,  *  *  *  shall be filed in the office of the comptroller."

Thus, if the various claimants or lienors referred to in this court's decision of February 6, 1939, are " mortgagees, purchasers or judgment creditors " who have filed instruments evidencing their liens prior to the government's, their rights in the award are superior.

The first lien is a judgment held by Charles H. Jones and others, which was docketed on February 19, 1932, in the Queens county clerk's office.  It was, therefore, a lien against the damage parcel when title vested in the city on November 2, 1933.  The government's notice of tax lien, according to its memorandum, was not filed in the Queens register's office until March 4, 1938, and under the provisions of section 240 of the Lien Law, it is not valid as against this judgment creditor.

The rights of the Bank of Hicksville and Bank of Farmingdale as assignees of portions of the award, present another problem. If they are " mortgagees or purchasers " within the purview of section 240 of the Lien Law their rights are superior if the assignments were filed prior to the government's notice of tax lien.

The assignments were of a five-sixths and one-sixth interest in the award and were given to secure loans of $25,000 and $5,700 by the banks to the former owner.  Each assignment was recorded in the Queens county register's office on July 16, 1934, and filed with the city comptroller on May 27, 1936, as required by section 982 of the old charter.  The principal of each loan remaining unpaid when due, the banks sued, obtained judgments and filed copies of transcripts thereof with the city comptroller on September 30, 1936.  It will be recalled that the government's notice of tax lien

was not filed with the comptroller until February 28, 1938, and was not recorded in the Queens register's office until March 4, 1938.

The Federal statute heretofore noted, which gives rise to the government's lien, states that the claim for taxes " shall be a lien * * * upon all property and rights to property, whether real or personal, belonging to such person. * * * Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector " in accordance with provisions of subdivisions (a) or (b) of the statute.

Since the statute contemplates a lien upon real and personal property or rights in such property, the later use of the word " purchaser " necessarily refers to a purchaser of an interest in either real or personal property. Section 982 of the old charter, as heretofore noted, reads, " In case of the pledge, sale, transfer or assignment of an award * * * the instrument evidencing such pledge, sale * * * shall be filed in the office of the comptroller." Obviously, an assignee is a purchaser under a sale of an interest in the award.

Adopting a view most favorable to the government, it may be assumed that in so far as personal property is concerned the provisions of subdivision (b) of the Federal statute are applicable here. Thus, in order to establish priority the government must show it has filed the notice of lien in the office of the clerk of the United States District Court prior to the filing of the assignment as required by section 982 of the old charter. But while the assignments to the banks were filed with the comptroller on May 27, 1936, the government's notice of tax lien was not filed in the offices of the clerks of the United States District Courts for the Southern or Eastern Districts of New York until February 28, 1938.

It, therefore, follows that the notice of tax lien is not valid as against the banks which must be deemed purchasers of an interest in the award.

The remaining claims or liens against the award are for attorneys' services. These lienors are not mortgagees, purchasers or judgment creditors under the statute, and ordinarily their rights would be subordinate to the government's tax lien. But the other prior lienors (the judgment creditors and the assignee banks) are entitled to the entire award because the total of their prior liens and interest exceed the balance of the award and interest. Therefore, their agreement to pay the attorneys' fees may not be questioned by the government, whose lien is subordinate.

Submit order on notice providing for payment of the award as specified in this court's decision of February 6, 1939, except that the government's claim for taxes shall be subject to the other liens.