In the Matter of FRANKLIN AUTO SUPPLY Co., INC., et al., Judgment Creditors, against BELLEROSE MOTORS, INC., Judgment Debtor.

Supreme Court, Nassau County, February 11, 1948.

*Sullivan & Scholly* for Nassau County National Bank of Rockville Centre, third party.

*Nathaniel L. Goldstein, Attorney-General* (*Samuel Stern* of counsel), for Industrial Commissioner of the State of New York.

*Eli N. Horin,* assignee in person.

*Morris Heller* for Franklin Auto Supply Co., Inc., judgment creditor.

*Lewis Allinson, Julius M. Gerzof* and *Henry J. Miller* for Mechanics Overall Service, Inc., claimant.

*J. Vincent Keogh, United States Attorney* (*Philip J. Jones* of counsel), for Collector of Internal Revenue.

*Goldman, Horowitz & Cherno* for Fairmount Motor Products Co., claimant.

*Charles G. Ritter* for Frank A. E. Marsh, receiver.

NORMAN S. DIKE, Official Referee. The Nassau County National Bank of Rockville Centre, hereafter referred to as the bank, is in possession of a fund belonging to the Bellerose Motors, Inc., hereafter referred to as the debtor.

Various creditors of the debtor obtained judgments against it and commenced proceedings supplementary to judgment by service of third party subpœnas on the bank as follows:

| | |
|---|---|
| Franklin Auto Supply, Inc. | 12/1/42 |
| Mechanics Overall Service, Inc. | 12/5/42 |
| Fairmount Motor Products Co. | 12/8/42 |
| Henry J. Miller | 12/8/42 |
| Frank A. E. Marsh, receiver, etc. | 9/30/43 |
| Industrial Commissioner of the State of New York | 8/10/43. |

The service of a third party subpœna in proceedings supplementary to execution takes the place of the commencement of a judgment creditor's bill in aid of execution under the old system and gives the judgment creditor a lien upon the equitable assets of the debtor. (*Matter of Wickwire Spencer Steel Co.* v. *Kemkit Scientific Corp.*, 292 N. Y. 139.)

In addition, one Eli N. Horin, hereafter referred to as the assignee, claims the fund by assignment, and the Collector of Internal Revenue on behalf of the United States filed a notice of levy with the bank on November 29, 1943, and with the clerk of the United States District Court for the Eastern District of New York on November 23, 1943.

The bank by order to show cause returnable February 9, 1944, made application to consolidate all the supplementary proceedings, to divest itself of the fund and to have the court pass upon the claims of the various creditors and for other relief.

On March 7, 1944, an order was made herein consolidating all of the supplementary proceedings and joining the assignee and the Collector of Internal Revenue as parties and as thus consolidated, the proceedings and the issues of law and fact were referred to an official referee to hear and determine the amount due to the debtor from the bank and the claims of all claimants to said moneys and the priorities of the various claims.

The matter duly came on to be heard before me on the 8th day of May, 1944, at which time testimony was taken and the hearing adjourned without date to afford the claimant, Collector of Internal Revenue, opportunity to audit the records of the bank to determine the exact amount due to the debtor. The hearing was to be resumed by service of notice to this effect by any of the parties. Such notice was finally served bringing the matter before me on December 5, 1947, at which time the hearing was closed.

It appears that the correct amount due from the bank to the debtor is $2,268.22. It further appears that the assignee by stipulation has subordinated his claim to that of the United States on behalf of the collector and to the claim of the State of New York on behalf of the Industrial Commissioner. Since these claims exceed the amount of the fund, the claim of the assignee may be disregarded.

The other claims are as follows:

Industrial Commissioner of the State of New York, $2,140.60, with interest from 1/22/43.

Franklin Auto Supply, Inc., $856.65, with interest from 11/19/42.

Mechanics Overall Service, Inc., $131.75, with interest from 12/2/42.

Fairmount Motor Products Co., $32.55, with interest from 12/8/42.

Henry J. Miller, $1,851.51, with interest from 12/18/42.

Frank A. E. Marsh, receiver, $256.10, with interest from 1/8/43.

Collector of Internal Revenue, $1,696.64, plus interest and penalties from 11/23/43.

The judgment creditors assert priority because of the prior date of the service of their subpœnas upon the bank. The United States asserts priority over all claims as a sovereign and also claims that the judgment creditors have lost their lien by failure to extend the restraining provisions of the third party subpœnas within two years of the date of the service of the said subpœnas; the State of New York on behalf of the Industrial Commissioner claims priority over all claims by reason of statutory and common-law rights of priority of the State of New York as a sovereign for taxes due it and contends that the United States Government possesses only a statutory lien which is subordinate to the other claims by reason of the failure to file the tax lien until November 23, 1943.

I cannot agree with the contention of the United States that the judgment creditors have lost their lien by failure to extend the restraining provisions of the third party subpœnas pursuant to section 781 of the Civil Practice Act. At the time the bank brought on this application to determine the claims and priorities to the fund it held, the two-year period had not elapsed. The determination herein relates to the time of the application and there was no need to extend the restraining provisions which are in fact not questioned by the third party.

The claim of the United States for priority as a sovereign is likewise not valid. The Federal Government has no common-law right of priority. The only rights which it has are those enumerated in the Constitution, in the statutes enacted pursuant thereto and in the treaties entered into under the Constitution. The right of the United States to priority depends upon statute (*United States* v. *State Bank of North Carolina,* 6 Pet. [U.S.] 29; *Mackenzie* v. *United States,* 109 F. 2d 540). It is claimed by reason of sections 3670–3672 of the Internal Revenue Code (U. S. Code, tit. 26) which by its terms provides for a lien that shall not be valid as against a judgment creditor until notice thereof has been filed by the collector in the office of the clerk

of the United States District Court for the judicial district in which the property subject to the lien is situated. The judgments involved here and the third party subpœnas, including that of the Industrial Commissioner, were filed prior to the date of filing of the lien by the collector on November 23, 1943, and have priority over it. The United States Attorney makes no claim for priority under section 191 of title 31 of the United States Code and that statue does not appear applicable. (*Matter of Meyer,* 159 Pa. Superior Ct. 296.)

If the claim of the State of New York is sustained, the entire fund will be payable to it as its claim, including interest, exceeds $2,268.22, the amount of the fund. Its claim is for unemployment insurance contributions not paid by the debtor. These are taxes (*Carmichael* v. *Southern Coal & Coke Co.,* 301 U. S. 495; *Standard Dredging Corp.* v. *Murphy,* 319 U. S. 306; *Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, affd. 299 U. S. 515).

It is contended by some of the judgment creditors that there is no proof herein that there were taxes due to the State of New York at the time they served the third party subpœnas upon the bank. I cannot agree. There is ample proof that the taxes in question are for 1939, 1940, 1941 and part of 1942, the last item of which was payable by July 31, 1942.

There is also proof in the proceedings that the debtor ceased doing business in November, 1942, and its inventory of cars was repossessed by the bank in November, 1942, and that its few other physical assets were sold on execution in December, 1942, for $100.

As among the judgment creditors, the State of New York has a common-law priority of the sovereign — a priority independent of statute (*Marshall* v. *New York,* 254 U. S. 380; *Matter of Lincoln Chair & Novelty Co.,* 274 N. Y. 353). It is true that by statute (Labor Law, § 522, subd. 6, now § 574) the State of New York has subordinated this right in favor of taxes due the United States (*Matter of Lincoln Chair & Novelty Co., supra*), but in turn, the United States by section 3672 (U. S. Code, tit. 26) provides that the tax claim shall not be valid against a judgment creditor until filed as therein provided. The judgment of the State was recovered and its third party subpœna was served prior to the filing of the United States claim. This, however, does not benefit the other judgment creditors for the statutory preference and the common-law right of the sovereign to priority applies against them.

It follows that the claim of the State on behalf of the Industrial Commissioner is entitled to priority over all other claims and

the third party will be directed to turn over the funds, amounting to $2,268.22 and interest, if any, accrued in its possession in part payment of said claim.

Settle order on notice.