In the Matter of the INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Judgment Creditor, against NATHAN STAMBLER, Doing Business as BREUCKELEN GUID, Judgment Debtor. RITE-GLO, INC., Third Party.

Supreme Court, Special Term, Kings County, December 15, 1949.

*Nathaniel L. Goldstein, Attorney-General (Jack Garrell* of counsel), for judgment creditor.

*J. Vincent Keogh, United States Attorney for the Eastern District of New York (Nathan Borock of counsel), for the United States of America, claimant.*

*Samuel D. Friedman* for Leo Gartenhaus, claimant.

*Saul I. Radin* for Tabard Press Corporation, claimant.

*Tom Vetere,* claimant in person.

*Bernard Rosenman* for third party.

BELDOCK, J. The Industrial Commissioner of the State of New York moves for a turnover order under subdivision 2 of section 794 of the Civil Practice Act directing Rite-Glo Inc., the third party in supplementary proceedings, to pay over to him $906.18 from a fund of $3,402.43 held on the third party's behalf by its attorney and which fund belongs to the judgment debtor, one Stambler.

The fund has come into possession of the attorney for the third party under the following circumstances: In September of 1948, Stambler recovered a judgment in this court against Rite-Glo in the sum of $6,643.64. Prior to payment, judgments were recovered against Stambler by Leo Gartenhaus, Tom Vetere, Tabard Press Corporation and the Industrial Commissioner of the State of New York. Third-party subpoenas in supplementary proceedings, containing restraining provisions under section 781 of the Civil Practice Act, were served on Rite-Glo, the third party herein, by these judgment creditors, prohibiting any transfer or other disposition by Rite-Glo of the property belonging to the judgment debtor until further order of the court. On November 1, 1949, an order was entered in this court fixing the lien of the attorneys for the judgment debtor, Stambler, in the action brought by him against Rite-Glo, directing payment by Rite-Glo of the lien so fixed and ordering that the balance of $3,402.43 be turned over to its attorney subject to the further order of this court. In accordance with said order the sum of $3,402.43 has been paid over to Rite-Glo's attorney who is now holding such sum in a special account as escrowee pending the disposition of this motion.

The motion is opposed by all of the judgment creditors above named and by the United States of America, each of whom claims a prior lien on the fund in question for the amount of its claim.

The movant's claim is based on a judgment for unpaid unemployment insurance taxes docketed against Stambler in the office of the clerk of Kings County on January 15, 1948, arising out

of a warrant issued under the provisions of section 573 of the New York State Unemployment Insurance Law (Labor Law, art. 18). The claim of Gartenhaus is based on a judgment recovered on June 4, 1947, for $217.78; that of Vetere on a judgment recovered on September 29, 1948, for $569.50, and that of Tabard Press Corporation on a judgment obtained on December 3, 1948, for $2,950.09. The Government claims its right to priority by virtue of two notices of tax liens filed in the office of the clerk of the United States District Court for the Eastern District of New York and in the office of the Register in the county of Kings on April 21, 1947, in the sum of $1,521.43 and on May 1, 1947, for $3, 314.46.

Since the argument of this motion, the Attorney-General representing the movant, by memorandum submitted to the court, has conceded the superior right of the Government to the fund claimed on the ground that these notices of tax liens were filed long before the judgment obtained by the Industrial Commissioner against Stambler. The parties in interest, however, having consented that their rights be determined under this motion, this court will, therefore, dispose of the conflicting claims between the United States Government and the judgment creditors herein named.

These judgment creditors, although conceding that the notices of tax liens were filed by the Government prior to the recovery of their judgments, argue that the Government did not serve any subpœnas in supplementary proceedings either on the judgment debtor or on the third party, and because such service was so made by them, their rights have become paramount to the lien of the Government. This argument is completely without merit.

The Government's claim is based on sections 3670 to 3672 of title 26 of the United States Code. Section 3670 provides: " If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 3671 provides: " Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." Section 3672 indicates: " Such

lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector

"(1) * * * In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or

"(2) * * * In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law authorized the filing of such notice in an office within the State or Territory * * *."

Pursuant to the permissive provisions of section 3670 *et seq.*, the Legislature of the State of New York has provided by subdivision 2 of section 240 of the Lien Law that notices of tax liens upon personal property, for taxes payable to the United States of America, in a situation such as this shall be filed in the office of the Register in the county of Kings. Admittedly, these notices of tax liens were filed in the Register's office on April 21, 1947, and May 1, 1947. Under sections 3670 to 3672, the liens became perfected upon proper filing in the office designated. Service of a subpœna was not required. Since it conclusively appears that these notices were filed at a time antedating the recovery of these judgments by the judgment creditors and the service of subpœnas, the Federal authority has clearly established good and valid liens totaling $4,835.89, which are superior to the rights of all claimants herein (*MacKenzie v. United States,* 109 F. 2d 540; *United States v. Record Pub. Co.,* 60 F. Supp. 194; *Matter of Astoria Boulevard,* 171 Misc. 1018; *Matter of Franklin Auto Supply Co. v. Bellerose Motors,* 193 Misc. 667; *Matter of Manufacturers Trust Co. v. Sobel,* 175 Misc. 1067).

The Government's liens exceeding in amount the sum being held by the escrowee, this court directs that such escrowee turn over the entire amount of $3,402.43, with any interest that may have accrued thereon, to the United States Government. Settle order on notice providing for the release of the escrowee upon compliance with the foregoing.