Charles A. Loreto, J.
This is an application by plaintiff for reargument of its motion for summary judgment, and upon reargument and reconsideration for a modification of the decision of the court granting partial summary judgment to a grant of summary judgment.
The general rule of damages for a violation of section 15 of the Stock Corporation Law is that a creditor may recover a sum of money which he would have received if no preferential payments had been made and if the corporation’s assets had been distributed to all its creditors in proportion to the respective amounts of their just claims. In the instant case, the court in its original decision so held, citing Shaw v. Jewel Radio Corp. (6 A D 2d 707) and other cases to like effect.
The court based its decision herein principally upon the quoted extract found in Shaw v. Jewel Radio Corp. (supra). That statement of the Appellate Division is broad enough to sustain what was decided. However, the court frankly acknowledges that a close analysis of the entire opinion of the Appellate Division does not bar a contrary holding here.
The court’s attention is now called to Caesar v. Bernard (156 App. Div. 724, 727, affd. 209 N. Y. 570) where it was held that the loss sustained to a creditor through wrongful acts of directors and officers ‘ ‘ would be presumptively * * * the amount for which an execution duly issued could not be satisfied in consequence of the disposition of property in violation of the statute ”, and in Whalen v. Strong (249 App. Div. 792, 793, affd. *692 275 N. Y. 516) where it was stated, “Plaintiffs’ [creditors’] ‘loss sustained’ (Stock Corporation Law, § 15) is the full amount of their judgment since an execution on the deficiency judgment against the corporation has been duly issued and returned wholly unsatisfied ”. (Italics supplied.)
The personal property of a judgment debtor becomes subject to a lien of the judgment on the date of the issue of execution to a Sheriff and upon receiving such execution the Sheriff obtains constructive custody of the property. Actual seizure is unnecessary (Matter of Heights Promenade [Volper], 198 Misc. 788, Beldock, J.; Civ. Prac. Act, § 679).
Plaintiff here, through the execution issued to the Sheriff, would have secured a valid lien had there been property on which the Sheriff could levy. There being no property on which to make an actual levy, the execution perforce was returned unsatisfied. Plaintiff, a most diligent creditor, having obtained a valid judgment, was thereby frustrated from reaching the property by the insolvency of the corporation and its culpable officer.
The court’s original holding that preferential payments should be ratably divided among all creditors of the corporation was based on a finding that the preferences made to the officer of the corporation and to the creditor bank by prepayment of its loan was preferential to all creditors. Such a holding is generally applied only in a case where it is improper to permit preferential payment to one creditor over other creditors similarly situated. This is not the case here. The plaintiff, by its diligence in proceeding on the enforcement of its judgment and bringing of this action is entitled to a lien on the assets. The lien- resting upon a valid judgment, and its attempted enforcement by execution, should not be diminished because through the insolvency of the corporation its collection may result in giving plaintiff a preference over less diligent creditors. The possible rights of other creditors, if there be other creditors, do not affect the capacity of the plaintiff to sue or its right to seek reimbursement. The right of action, of course, is not exclusive, but the fact that the recovery may benefit the diligent and alert creditor exclusively is the result, not of the exercise of the right of action, but the consequence of the inaction of the other creditors similarly situated.
Newman v. Meisel-Galland Co. (237 App. Div. 95) also cited by the court in its original decision is apropos. The plaintiff there received a jury verdict in its favor against an insolvent corporation. Before plaintiff could enter judgment, the corporation confessed judgments to the respondents who, in turn, *693 issued execution to the Sheriff, who levied against the property of the corporation. Thereafter plaintiff, having entered judgment, issued execution to the Sheriff which was returned unsatisfied. The Appellate Division said that ‘ ‘ When the sheriff received the executions and made his levy, plaintiff thereby secured a lien upon such property of the judgment debtor as was seized by the sheriff, subject only to such liens as accrued in favor of respondents if their judgment was held valid ’ ’ (p. 96). The court then held the confessed judgments preferential and directed the funds realized upon the Sheriff’s sale to be paid to plaintiff, stating: ‘ ‘ Plaintiff here had, through the execution issued to the sheriff, secured a valid lien upon the property of his judgment debtor * * * not by reason of favoritism on the part of the insolvent judgment debtor, but by resort to the established processes of law. That lien resting upon a valid judgment and execution is not to be set aside or diminished because through the insolvency of the corporation which was liable to plaintiff, its enforcement may result in giving him a preference over less diligent creditors (p. 97).
The motion for reargument is granted, and upon reargument and reconsideration summary judgment is granted to the plaintiff in the sum of $10,700.