Pierson R. Hildreth, S.
In this accounting the residuary estate is insufficient to pay in full the claims against the sole residuary beneficiary. The executrix and two claimants request the court to determine the priority of their claims.
The decedent died April 24,1967 and by her will she gave the residuary estate to her son, Edmund C. Bobbins as sole residuary beneficiary. When decedent died said Edmund C. Bobbins was indebted to two judgment creditors, one being the State Tax Commission and the other being the Bank of Commerce.
The claim of the State Tax Commission is based upon a warrant in the original amount of $32,030.89 issued against said Edmund C. Bobbins pursuant to article 16 of the Tax Law for unpaid income taxes for the period from 1953 through 1959, *794 which warrant was docketed as a judgment in the office of the County Clerk of Suffolk County on October 18, 1965, and upon a second warrant in the sum of $687.01 against said Bobbins and another, individually and as copartners, for unincorporated business taxes for 1954, which was docketed as a judgment in the office of the County Clerk of Suffolk County on May 10,1968. Neither warrant has been satisfied and the amount now due on both is $45,618.32, with interest at 12% from February 15, 1973. Under the provisions of section 380 of the Tax Law such warrants when docketed became liens upon the real and personal property of the person against whom the warrants were issued in the same manner as a judgment duly docketed in the office of the County Clerk.
After decedent died the State Tax Commission obtained a restraining notice pursuant to CPLR 5222 issued April 1, 1969 which was served upon the executrix and which notice had been extended by orders of the Supreme Court to April 1, 1972. The State Tax Commission also and on October 13, 1971, pursuant to subdivision (a) of CPLR 5232, caused levies under the warrant to be served upon the executrix as garnishee, which levies were extended by order of the Supreme Court to one year from December 11, 1971. The State Tax Commission claims it is entitled to priority of payment.
The Bank of Commerce claims as a judgment creditor based upon a judgment it obtained against said Edmund C. Robbins, which was filed in the office of the Clerk of Suffolk County on September 28, 1962, and on which judgment there is due $12,327.14, with interest from September 28, 1962. The Bank of Commerce served a restraining notice under CPLR 5222 on the executrix on March 12, 1968, and on August 27, 1968 commenced a proceeding pursuant to CPLR 5227 against Security National Bank in which there was an account of the decedent, but not of the judgment debtor, Edmund C. Robbins. That proceeding resulted in an order directing the bank to pay over the deposit to the Bank of Commerce, but such order was unanimously modified by the Appellate Term by deleting the payover paragraphs first and third both as to the bank and as to the executrix. The paragraph third which was deleted had directed the executrix to pay to the Bank of Commerce all moneys received by the estate in excess of those required to pay the normal expenses of administration, taxes and legal fees until such time as the judgment was fully satisfied. No further enforcement proceedings were conducted by the bank except that it filed objections to the account and requested the court *795 to determine the priority between itself and the State Tax Commission in distribution of the residuary estate.
The account of the executrix was filed September 17, 1971. The State Tax Commission and the Bank of Commerce were each named as judgment creditors of said Edmund C. Bobbins serving restraining orders on the executrix, because each had served notices on the executrix under CPLB 5222. At the time the executrix commenced her accounting on September 17, 1971 by filing her petition (SCPA 203), the State Tax Commission had not made any levy under its warrants. The account showed a balance on hand of $27,102.06 and also a parcel of real estate. Proceedings were thereafter had for a sale of the real property which was consummated June 22, 1972. The supplemental account thereafter filed January 25, 1973 shows a balance on hand of $43,379.26 which, subject to commissions and any unpaid administration expenses, will be available for distribution. The balance is not sufficient to pay the claims in full.
Until the decedent died on April 24, 1967, said Edmund C. Bobbins had no interest whatsoever in any property of decedent nor was there any estate of decedent in which he had any interest, nor any assets in the hands of any fiduciary of decedent to which any judgments against Edmund C. Bobbins could attach or have any effect. Therefore, in the opinion of the court, questions as to the priority of the judgment creditors of Edmund C. Bobbins for payment from his interest in the estate must be considered beginning with the date of decedent’s death. A judgment cannot be a charge on property the debtor does not own. (Matter of Hazard, 73 Hun 22, affd. 141 N. Y. 586.)
Only upon the death of decedent did said Edmund 0. Bobbins become possessed of an interest in the estate. He then acquired an asset which he did not previously own. At that time both State Tax Commission and Bank of Commerce had judgments against him, but as to his newly acquired interest in the estate, neither judgment had priority of lien. Both were general liens attaching to such property simultaneously. A judgment will extend to after-acquired property (CPLB 5201, subd. [b]), but when a debtor has several judgments against him they become liens on after-acquired property simultaneously even though they were docketed at different times. (Hulbert v. Hulbert, 216 N. Y. 430.)
As to personal property, docketing of a judgment does not create a lien; such a lien upon personal property comes into being only when execution is issued to the proper officer. (Meyerhardt v. Heinzelman, 71 N. Y. S. 2d 692, affd. 272 App. *796 Div. 800; Hewlett Park Co. v. 1193-1205 East Broadway of Hewlett, 32 Misc 2d 691, affd. 17 A D 2d 736.)
Neither the State Tax Commission nor the Bank of Commerce obtained priority by mere serving of restraining notices under CPLR 5222. The effect of such notices is reviewed in City of New York v. Panzirer (23 A D 2d 158 [1965]), where the court states that the order of priority under subdivision (c) of CPLR 5234 is determined strictly in accordance with the chronological service of execution levies and filing of orders for turnovers or receiverships, and that service of restraining notices under CPLR 5222 does not invoke standing in the rank of priorities.
The State Tax Commission claims priority on the basis of the levies made under the warrants pursuant to subdivision (a) of CPLR 5232 which were extended to one year from December 11, 1971, i.e., until December 11, 1972. Such levy would give priority over a creditor serving only a restraining notice. (City of New York v. Panzirer, supra.) But for two reasons the court is of the opinion that the levy does not have that effect in the situation of this accounting. When the executrix instituted the accounting and named the State Tax Commission and Bank of Commerce as judgment creditors who at that time had each served only restraining notices upon the executrix under CPLR 5222, the executrix thereby began a proceeding which submitted the issue of priority upon the factual situation then existing to the court for determination. Both judgment creditors appeared and submitted the issue to the jurisdiction of the court. The funds in the hands of the executrix, at the time the accounting began with filing of the petition and account, thus became subject to disposition as the court might determine according to the situation then existing. It does not seem to the court that either judgment creditor could affect its priority by steps taken after the accounting began and when the assets in the hands of the fiduciary thereby became under constructive custody of the court and subject to ultimate order of the court. (See Matter of Franklin Auto Supply Co., 193 Misc. 667.) Thus it does not seem to the court that the levy by the State Tax Commission in October, 1971 after the executrix had commenced her accounting should have the effect of giving it a priority it did not have when the account was filed.
A second reason that the levy is not now effective to give priority is because it was not followed by any proceeding under. CPLR 5225 or 5227 within the periods it remained valid. The levy had been extended to one year from December 11, 1971, i.e., until December 11, 1972. There is no proof of any further extension. Under subdivision (a) of CPLR 5232, a levy becomes *797 void at the expiration of 90 days after service of execution or such further time as the court has provided (in this case until December 11, 1972), except as to property transferred or as to which proceedings under CPLR 5225 or 5227 have been brought. Here the levy was not satisfied, nor did the State Tax Commission bring such proceedings. The levy is, therefore, now void.
The State Tax Commission is, however, entitled to priority under the rule giving priority to claims of the State as sovereign over other general liens. The claim of the State Tax Commission is based upon its warrants which have the same effect as judgments for taxes due from the debtor. Such claims are preferred except where a creditor has obtained a prior specific lien. (Matter of Carnegie Trust Co., 206 N. Y. 390; Matter of Gruner, 295 N. Y. 510, rearg. den. 296 N. Y. 668; Matter of Smith v. Meader Pen Corp., 255 App. Div. 397, affd. 280 N. Y. 554; Witas v. Carlson, 201 Misc. 201, 202, in which it is stated, “ The rule is well settled that moneys and taxes due the State have a priority over all other general liens and may be superseded only by a prior specific lien obtained by a creditor.”)
Accordingly the court determines that the State Tax Commission is entitled to priority over the Bank of Commerce in distribution of the interest of Edmund C. Robbins, in the residuary estate.
The account should be brought up to date and then decree submitted.