OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to that court.
The premise of the Appellate Division’s determination was that, because there had not been a levy of execution on the Koffman Group under petitioner’s judgment against P. D. C., petitioner could not secure a turnover order against the *880 Hoffman Group in a proceeding brought pursuant to CPLR 5225 (subd [b]) and CPLR 5227. That premise was erroneous. There is no requirement that a judgment creditor obtain priority by way of execution before he resorts to one of the other enforcement devices provided by CPLR article 52 (Weinstein-Korn-Miller, Manual CPLR 30-17, 30-18); plaintiffs right to set aside as fraudulent a conveyance of property by P. D. C. to the Hoffman Group or to Bella Vista Apartments, Inc., may be determined in the present proceeding (6 Weinstein-KornMiller, NY Civ Prac, pars 5225.16, 5225.17, pp 52-375, 52-376). In passing on the issues relevant to that determination, not previously passed on by it, the Appellate Division should consider, in addition to statutory provisions referred to in the decision of the Trial Judge, section 273-a of the Debtor and Creditor Law.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur; Judge Wachtler taking no part.
Order reversed, with costs, and the case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.