OPINION OF THE COURT
Herman Cahn, J.
Robert Birch and Mary Birch maintain a joint account at Chase Manhattan Bank, N. A. (Chase). Robert Birch apparently owes money to the petitioner City of New York (City) on account of income tax owed. Mary Birch apparently owes money to the Parking Violations Bureau (PVB), on account of a judgment entered for unpaid parking tickets. Each creditor served a restraining notice on Chase, which asserts that there are not sufficient sums in the account to satisfy both judgments.
Petitioner City of New York commenced this turnover proceeding against respondents Robert Birch, Mary Birch and Chase pursuant to CPLR 5225 (subd [b]). In a companion motion Chase moves for an order determining priority *985 as between City and PVB to the funds being held by Chase in the joint account of respondents Robert and Mary Birch, since there are not sufficient funds to satisfy both creditors.
City determined respondent, Robert Birch, to have tax liabilities in the amount of $790.64 and, after the necessary notices were sent, a warrant was filed against him in said sum. Thereafter, pursuant to CPLR 5222 an information subpoena and restraining notice was served on Chase which in response indicated that Robert Birch maintained a joint account with Mary Birch and that the sum of $351 was being held. Petitioner claims that $971.25 (plus interest at 17% per annum from Dec. 14,1983) is due on said tax warrant and that Chase is still in possession of Birch’s funds.
Chase seeks an order determining priority as between the City’s claim for the funds in the joint account and a claim by the PVB against Mary Birch. PVB served an information subpoena and restraining order upon Chase prior to the City’s service upon Chase.
PVB contends that because it served Chase with a CPLR 5222 restraining order for $1,520 before the City served its restraining order, it is entitled to the funds. This contention misconstrues CPLR 5222, which does not in any sense establish priority but merely restrains the garnishee from using the funds owed by the judgment debtor. (City of New York v Panzirer, 23 AD2d 158.) In order for a judgment to gain status in the ranking of priorities, there must be either a levy, an order directing delivery of property, or the appointment of a receiver. (City of New York v Panzirer, supra; Matter of Robbins, 74 Misc 2d 793.)
Although CPLR 5222 (subd [b]) provides in part that, where the garnishee withholds payment of money belonging to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to the other money, this provision does not assist PVB. The fact that Chase was not able to withhold a sum equal to twice the amount of PVB’s judgment (as there were insufficient funds in the account) does not mean that as between PVB and the City, PVB became entitled to the funds. (PVB argues that in light of the afore-mentioned provision and since its restraining notice preceded the *986 City’s, when the City filed its restraining notice there were no funds remaining to be restrained and hence, no fund from which to satisfy the City’s judgment.) The CPLR 5222 provision merely permits the garnishee to use funds in excess of twice the amount of the judgment and prohibits the use of funds up until that amount, absent a court order. The question of priority as between PVB and the City is totally independent of the CPLR 5222 restraining notice provisions. (City of New York v Panzirer, supra; CPLR 5234.) The restraining notice is intended to insure that funds will not be disposed of pending further action to establish priority, such as this turnover proceeding. (See 6 Weinstein-Korn-Miller, NY Civ Prac, par 5222.01; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:l, pp 183-184.)
Having met the requirements of CPLR 5225 (subd [b]) the City has established its right to payment. Although the court may permit an adverse claimant such as PVB to intervene and may determine his rights in accordance with CPLR 5239, PVB has taken no action under that section. Further, petitioner need not obtain priority by way of execution before resorting to the CPLR 5225 turnover enforcement device. (Cox & Assoc. v Koffman, 48 NY2d 878.) Therefore, City will have judgment on its petition. The companion motion is granted to the extent of finding that City has priority over PVB, and payment shall therefore be made by Chase to City.