■ TERRY S. BIENSTOCK, Respondent, v GREYCROFT PARTNERS, L.P., Appellant. [7 NYS3d 893]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 22, 2014, which granted the petition to turn over funds received by respondent Greycroft Partners, L.P., as subject to a constructive trust imposed by the Delaware Chancery Court, and granted petitioner's request for attorneys' fees, unanimously modified, on the law, to the extent of denying petitioner's request for attorneys' fees, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 14, 2014, unanimously dismissed, without costs, as taken from an order that was superseded by the August 22, 2014 order; and appeal from order, same court and Justice, entered September 18, 2014, which, upon reargument, adhered to the initial determination, unanimously dismissed, without costs, as academic.

Petitioner Bienstock established his superior right to the proceeds of the asset sale distributed to respondent Greycroft (*see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co.*, 85 NY2d 725, 729 [1995]; CPLR 5225 [b]), a third-party transferee of funds that received the funds at issue, which were subject to a constructive trust imposed by the Delaware Chancery Court (*see Schock v Nash*, 732 A2d 217, 232-233 [Del 1999]; *Harris Trust & Sav. Bank v Salomon Smith Barney Inc.*, 530 US 238, 250 [2000]).

The motion court erred in awarding attorneys' fees since this is a turnover proceeding brought pursuant to CPLR 5225 (b) as opposed to an action or proceeding to set aside a fraudulent conveyance (*compare* Debtor and Creditor Law § 276-a).

Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.