| AC Prestige Corp. v Cross Lake Partners LP |
|---|
| 2025 NY Slip Op 32185(U) |
| June 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158270/2022 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. DEBRA A. JAMES</u>      PART   59

*Justice*

-------------------------------------------------------------------------------X

AC PRESTIGE CORP.,

           Petitioner,

        - v -

CROSS LAKE PARTNERS LP, PAULSON REAL ESTATE
RECOVERY FUND, LP, and PAULSON REAL ESTATE
FUND II, L.P.,

       Respondents,

        -and-

STEPHANIE SCHULMAN,

     Intervening Respondent/Judgment Debtor.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158270/2022 |
| MOTION DATE | 06/13/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 15, 46, 47, 62, 63, 64, 68, 69, 70, 72, 73, 88, 93, 94, 95, 108

were read on this motion to/for         POST JUDGMENT OTHER       .

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED that to the extent that it seeks attorneys' fees, the petition is denied (see <u>Bienstock v Greycroft Partners, LP</u>, 128 AD3d 459 [1st Dept 2015]), and it is further

ORDERED and ADJUDGED that, pursuant to CPLR § 5225(b), Petitioner AC Penguin Prestige Corp is granted a Charging Lien against the limited partnership interests of Intervening Respondent/Judgment Debtor Stephanie Shulman in Respondents Paulson Real Estate Recovery Funds LP and Paulson Real Estate Fund

**158270/2022  AC PRESTIGE CORP. vs. CROSS LAKE PARTNERS LP ET AL**         **Page 1 of 4**
**Motion No. 002**

1 of 4

II, LP, including distributions therefrom, up to the value of $253,392.59 plus interest at the rate of 9% per annum from February 21, 2019, to date; and it is further

ADJUDGED that upon such turn-over by way of lien of Petitioner AC Penguin Prestige Corp on such partnership interests, including any distributions made therefrom, of Intervening Respondent/Judgment Debtor, the Respondents Paulson Real Estate Recovery Funds LP and Paulson Real Estate Fund II, LP shall be discharged of all liability with respect to such interests to the extent of payment made as herein provided.

## DECISION

By affidavit of Jonathan Shumaker, Managing Partner of Cross Lake Partners, LP, Petitioner AC Penguin Corp demonstrates that Intervening Respondent/Judgment Debtor Stephanie Schulman is a limited partner of respondents Paulson Real Estate Recovery Fund, L.P and Paulson Real Estate Recovery Fund II. Moreover, in her verified answer, Intervening Respondent/Judgment Debtor Schulman admits that she has a partnership interest in respondent partnerships. Such statements establish prima facie that the partnership interests of intervening respondent Stephanie Schulman are in the "actual possession and control" of such respondent partnerships. Thus, as a matter of law, respondent partnerships have actual possession and control of Intervening Respondent/Judgment Debtor Schulman's interest

**158270/2022   AC PRESTIGE CORP. vs. CROSS LAKE PARTNERS LP ET AL**          **Page 2 of 4**
  **Motion No.  002**

2 of 4

therein.  Therefore, Commonwealth of N Marian Is v Canadian Imperial Bank of Commerce, 21 NY3d 55 (2013), where there was no evidence that the respondent subsidiary bank had actual possession and control of the funds for which a turn-over order was sought, is distinguishable on its facts.

In addition, neither respondent partnership has answered or appeared, let alone contested this court's personal jurisdiction over any such partnerships in this proceeding.  Accordingly, as held in Koehler v Bank of Bermuda Ltd, 12 NY3d 533 (2009), this court may order that a lien be placed upon the interests of intervening respondent/judgment debtor's interest in such partnerships.

CPLR § 5225(b) applies to a special proceeding in which the respondent in possession of personal property, such as the partnership interests at bar, claims superior rights to those of the judgment creditor.  Respondent partnerships herein claim no such superior right(s).  The possible priority with respect to levying on the partnership interests of the Intervening

**158270/2022   AC PRESTIGE CORP. vs. CROSS LAKE PARTNERS LP ET AL**                          **Page 3 of 4**
  **Motion No.  002**

3 of 4

[* 4]

Respondent/Judgment Debtor of another judgment creditor of such judgment debtor neither is of any moment nor can be determined in the herein proceeding.  See Garland D Cox & Associates, Inc v Koffman, 48 NY2d 878 (1979).

20250620172716DJAMES25EDB01A740B4EEEA773FDF19B1BE723

| 6/20/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DEBRA A. JAMES, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158270/2022   AC PRESTIGE CORP. vs. CROSS LAKE PARTNERS LP ET AL**
**Motion No.  002**

Page 4 of 4